Lester DENENBERG, Gladys Morales and Carmen Colon, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

Barbara BLUM, as Commissioner of the New York State Department of Social Services, David Axelrod, as Commissioner of the New York State Department of Health, and James A. Krauskopf, as Commissioner of the New York City Department of Social Services, Defendants.

81 Civ. 6206(MP).

United States District Court, S. D. New York.

Jan. 6, 1982.

**132**

Constance P. Carden and Josephine Ho, Legal Services for the Elderly, New York City by Constance P. Carden, New York City, The Legal Aid Society by Arthur J. Fried, New York City, The Legal Aid Society by Stuart Miller, New York City, for plaintiffs.

Robert Abrams, Atty. Gen., State of N.Y. by Maryellen Weinberg, Asst. Atty. Gen., New York City, Allen G. Schwartz, Corp. Counsel by Debra Jaret, Charlotte Biblow, Asst. Corp. Counsels, New York City, for defendants.

## DECISION

MILTON POLLACK, District Judge.

This is a motion for certification of this suit as a class action pursuant to Fed.R. Civ.P. 23.

Jurisdiction is alleged pursuant to 28 U.S.C. § 1331 (1976).

Plaintiffs, recipients of Medicaid benefits under the Social Security Act, 42 U.S.C. § 1396a (1976) sue for declaratory and injunctive relief against defendants' policies and practices in administering that part of the Medicaid program which restricts certain classes of recipients of its benefits to a single "primary provider" for all non-emergency medical care and referrals to a single pharmacy for all prescription and non-prescription drugs. The restriction applies to those persons deemed by defendants to have demonstrated overuse of services and excessive use of pharmacies. The purpose apparently is to curb abuses of the system but is alleged by plaintiffs to violate rights under the First and Fourteenth Amendments and the Social Security Act and regulations promulgated thereunder. Compensatory and punitive damages for the named plaintiffs are also sought as well as lawyers' fees under the Civil Rights Attorney's Fee Award Act of 1976, 42 U.S.C. § 1988 (1976).

The benefits sought for the putative class by this suit would self-evidently inure to all members of the class similarly situated if plaintiffs were successful herein. No special circumstances are claimed or shown necessitating class-wide relief and defendants have in fact unequivocally expressed their commitment to applying any court-ordered relief to all Medicaid recipients affected by the challenged program. To certify this as a class suit would only encumber the proceedings without any advantage.

This Court therefore finds class certification to be unnecessary. The question of whether the proposed class action meets the requirements of Rule 23(a) need not be considered.

*Plaintiffs' Complaint*

The program challenged by plaintiffs is the "Restricted Recipients Program" recently instituted by defendant New York State Department of Social Services (DSS) and administered by defendant New York City Department of Social Services (NYCDSS). Under the program, Medicaid recipients deemed by the NYCDSS to have overused the services of doctors and pharmacies are restricted to a primary provider, —i.e., such individuals must go generally to only one doctor and/or one pharmacist *of their choosing* in order for Medicaid to pay the costs of these services.[1] The program further provides that the primary provider doctor may make referrals to other doctors as needed and that in an emergency, any Medicaid doctor, hospital or clinic may help the affected individual.

---

1. The applicable state regulation, 18 N.Y.C.R.R. § 383.5 (1979), provides that more than one primary provider may be allowed by the local social service district.

Plaintiffs' complaint is primarily concerned with the way that the Restricted Recipients Program is being administered by the state and local agencies and officials. Decisions regarding who has abused his Medicaid rights are based on statistics of general usage and whether the particular individual has exceeded the average usage by Medicaid patients. The individual's health needs are not taken into account (but only in the first instance, leaving that question to the professional, the primary provider chosen by the patient.) Plaintiffs accordingly challenge the constitutional and legal validity of the following:

1) defendants' basing their determination of who should be restricted simply on the number of physicians visited and number of prescriptions filled for the particular recipient, without initial regard to that recipient's medical needs

2) defendants' failure to inform Medicaid recipients of the standards used by defendants to impose restrictions

3) defendants' failure to provide recipients with a hearing before issuing a letter of intent to restrict in order that recipients might demonstrate their willingness to reduce their usage voluntarily

4) defendants' failure to provide a hearing before the final determination is made that comports with due process requirements

5) defendants' failure to provide adequate procedures to ensure that emergency services will be provided despite a recipient's restriction to using a primary provider

6) defendants' failure to establish procedures to protect the plaintiffs' right of privacy

Plaintiffs do not challenge defendants' right of instituting, as opposed to administering, a restricted program under the Social Security Act subsequent to the effective date of a recently enacted amendment to the Act. That amendment says that a plan shall not be deemed to violate the requirements of the Act if it restricts—(A) for a reasonable period of time the provider or providers from which an individual ... can receive such items or services, if the State has found, after notice and opportunity for a hearing (in accordance with procedures established by the State), that the individual has utilized such items or services at a frequency or amount not medically necessary (as determined in accordance with utilization guidelines established by the State). Sec. 1915, Pub.L. No. 97–35.

The effective date of this amendment is October 1, 1981. Plaintiffs do challenge the operation of the "Restricted Recipients Program" prior to October 1, 1981, however, arguing that at that time the program violated 42 U.S.C. § 1396a(23) (1976) which reads that all state plans have to provide that "any individual eligible for medical assistance (including drugs) may obtain such assistance from any institution, agency, community, pharmacy, or person, qualified to perform the service or services required ... who undertakes to provide him such services."

Plaintiffs' complaint makes clear that this is a 23(b)(2) proposed class action. Fed. R.Civ.P. 23(b)(2) provides that a class action may be maintained if

the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

Plaintiffs also claim to fall under Fed.R.Civ.P. 23(b)(1)(A) and (B). That rule is concerned with preventing varying adjudications that might establish incompatible standards of conduct for the party opposing the class or that might substantially impair the ability of non-parties to protect their interests. Neither event seems likely here and plaintiffs' proposed class action must be viewed as only a 23(b)(2) one.

*The Applicable Law*

It is clear that in this Circuit a Court may, in its discretion, deny certification to a proposed class meeting all the requirements

of Fed.R.Civ.P. 23(a) and (b)(2) if it finds such certification unnecessary to ensure that all persons similarly situated to the plaintiffs will benefit by any relief accorded those plaintiffs. In *Davis v. Smith*, 607 F.2d 535, 540, *rehearing granted on other grounds*, 607 F.2d 540 (2d Cir. 1978), in which plaintiffs were challenging state regulations that automatically denied emergency assistance to individuals threatened with utility shut-offs due to non-payment of electric bills, the Court said:

> Plaintiffs sought class action status under Fed.R.Civ.P. 23(b)(2) and 23(c) for the class composed of "all New York State residents who were, are or will be denied full assistance to prevent a loss of utility service and/or who have had, or having or will have their grants reduced, terminated, suspended or denied...." [Plaintiffs] sought only the prospective benefits which would inure as the result of such declaratory and injunctive relief that might be granted. We have held that one seeking class action status under Rule 23(b)(2) and 23(c) not only must meet the minimum prerequisites for a class action under Rule 23(a) but also must present additional reasons for obtaining certification of the class under 23(b) and 23(c). Where retroactive monetary relief is not at issue and the prospective benefits of declaratory and injunctive relief will benefit all members of a proposed class to such an extent that the certification of a class would not further the implementation of the judgment, a district court may decline certification.

(citations omitted).

*Galvan v. Levine*, 490 F.2d 1255 (2d Cir. 1973), *cert. denied* 417 U.S. 936, 94 S.Ct. 2652, 41 L.Ed.2d 240 (1974) is also apposite. There plaintiffs challenged state regulations which denied unemployment benefits to claimants who left a labor market where they were employed to enter an area of high unemployment. In upholding the District Court's denial of class certification the Court of Appeals said, "insofar as the relief sought is prohibitory, an action seeking declaratory or injunctive relief against state officials on the ground of unconstitutionality of a statute or administrative practice is the archetype of one where class action designation is largely a formality, at least for the plaintiffs.... The State has made clear that it understands the judgment to bind it with respect to all claimants." *Id.* at 1261.[2]

■ Plaintiffs in this action while asking for monetary relief for the named representatives, do not seem to be requesting damages for the class but rather appear to seek only declaratory and injunctive relief. Further, defendants—governmental employees—have expressed their commitment to applying any court-ordered relief to all Medicaid recipients similarly situated. *See* Aff. of Debra Jaret for City defendants ¶ 6 ("If granted, such declaratory and injunctive relief obviously would apply to all medicaid recipients involved in this program in New York City."); Memo. of Law for Defendant Blum for State defendants, p. 6 ("Similarly, defendants herein are willing to comply with any decision of this Court.") Plaintiffs have presented no evidence or rational argument to indicate that those governmental employees defendants would not treat all affected Medicaid recipients uniformly.

Class certification therefore appears unnecessary. It would be quixotic to hold that an unnecessary class certification is nonetheless an appropriate litigating vehicle and must be ordered under the tenets of Rule 23. Accordingly, plaintiffs' motion for class certification pursuant to Fed.R.Civ.P. 23 is denied, without prejudice to renewal in the event circumstances appear that ren-

---

**2.** Plaintiffs argue that *Galvan v. Levine, supra,* and the cases following it, have been effectively overruled by *United States Parole Commission v. Geraghty,* 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980). Plaintiffs read *Geraghty* far too broadly. The Supreme Court held there that a trial court's denial of certification to a proposed class may be reviewed on appeal after the named plaintiff's personal claim has become moot. The Court was concerned with Article III's case-or-controversy requirement and did not address or consider the question of whether a Court could deny certification on the ground that it was unnecessary.

der class certification necessary to the litigation and preservation for the class of the claims presented here.

SO ORDERED.