Carlos ARRANGO, Nelson Falu and Philip Buono, Richard Cottingham, George Korkala and Lorenzo Simmons, individually and on behalf of all others similarly situated, Plaintiffs,

v.

Benjamin WARD, Commissioner of New York City Department of Correction, and Jacqueline McMickens, Director of Operations for the New York City Department of Correctional Services, Defendants.

No. 83 Civ. 5611(MEL).

United States District Court,
S.D. New York.

Dec. 19, 1984.

Claudia Angelos, Andrea Bierstein, Law Student, Robin Dahlberg, Law Student, Doug Harper, Law Student, William Sloane, Law Student, Jane Bock, Law Student, Maxwell Gould, Law Student, Donna Sullivan, Law Student, Washington Square Legal Services, Inc., New York City, for plaintiffs.

Frederick A.O. Schwarz, Jr., Corp. Counsel, New York City, for defendants; Robert Katz, Caryn M. Hirshleifer, Patricia A. O'Malley, New York City, of counsel.

**LASKER, District Judge.**

Plaintiffs move pursuant to Federal Rule of Civil Procedure 23 to certify a class consisting of all current and future pre-trial detainees housed in the maximum security section of the Brooklyn House of Detention for Men ("BHDM"). The motion is granted.

## I.

This 42 U.S.C. § 1983 case challenges the constitutionality of various policies enforced in BHDM's maximum security section, notably routine strip searches and the use of prisoner shackles known as "black boxes." It began in February of 1983 when plaintiffs Arrango, Falu, and Buono filed a *pro se* complaint seeking only injunctive relief. Shortly thereafter, defendants answered the complaint and moved for summary judgment but, once counsel was appointed in October of 1983, they agreed to place their motion in abeyance pending amendment of the complaint. At the time counsel was appointed, because Arrango and Buono had already been released from BHDM and could no longer be located, a notice of appearance was filed only on behalf of Falu. Amendment of the complaint was subsequently granted on consent in January, 1984 adding plaintiff Cottingham, another resident in BHDM's maximum security facility, and dropping the one claim by Falu which had been the principal focus of defendants' summary judgment motion. Cottingham and Falu then brought this class certification motion in January of 1983.[1]

Since that time, both Cottingham and Falu have been discharged from BHDM and are no longer in contact with counsel. To remedy that state of affairs, at a conference held on October 12, 1984, plaintiffs' counsel was invited to move to substitute current residents of BHDM's maximum security facility as class representatives. That motion, substituting plaintiffs Simmons and Korkala was granted on December 10, 1984 on consent.[2]

## II.

Defendants oppose class certification chiefly on the ground that, because neither the original plaintiffs nor plaintiff Cottingham is housed any longer in BHDM, they are no longer adequate representatives of the class. In defendants' view, "they are no longer subject to the pressures brought to bear from daily exposure to sophisticated, dangerous and repeated criminal offenders[, and t]hey do not share the experiences, fears and desires of the class members." Affidavit of Assistant Corporation Counsel Patricia A. O'Malley, ¶ 15, filed Mar. 6, 1984.

This argument is now inapplicable in light of the substitution of Korkala and Simmons as class representatives and because defendants' have not renewed their argument to apply it to these two individuals. In any event, the issue raised by defendants is common to litigation involving pre-trial detainees. Of course, Article III of the Constitution requires a live case and controversy to exist throughout the pendency of the litigation. *See Sosna v. Iowa*, 419 U.S. 393, 402, 95 S.Ct. 553, 558,

---

**1.** In addition, plaintiffs attempted to begin discovery in July, 1983 but the parties have since agreed not to conduct discovery until the pending motion is decided.

**2.** As to defendants' summary judgment motion directed at the original plaintiffs, in a letter dated October 10, 1984, defendants argue that the claims of Arrango and Buono should be dismissed on the grounds of mootness and for lack of prosecution and that renewal of their summary judgment motion is therefore unnecessary. They assert that the claims of Arrango and Buono are moot because they are no longer housed in BHDM and that they have not partici-

pated in this action for more than one year. We agree with defendants' arguments and accordingly dismiss the claims of Arrango and Buono on the grounds of mootness and failure to prosecute, and deny defendants' summary judgment motion directed at these two plaintiffs on the ground that it too is now moot.

As to the remaining portion of defendants' summary judgment motion to dismiss Falu's claims, defendants state in their letter of October 10 that they reserve the right to renew that motion at a later date. Accordingly, we need not decide the motion at this time.

**640**

42 L.Ed.2d 532 (1975). However, as the Supreme Court has pointed out, pre-trial detention cases belong

> to that narrow class of cases in which the termination of a class representative's claim does not moot the claims of the unnamed members of the class. See [*id.*] Pre-trial detention is by nature temporary, and it is most unlikely that any individual could have his constitutional claim decided on appeal before he is either released or convicted. The individual could nonetheless suffer repeated deprivations, and it is certain that other persons similarly situated will be detained under the allegedly unconstitutional procedures. The claim, in short, is one that is distinctly 'capable of repetition, yet evading review.'

*Gerstein v. Pugh,* 420 U.S. 103, 110–11 n. 11, 95 S.Ct. 854, 861 n. 11, 43 L.Ed.2d 54 (1975). *Accord, Forts v. Malcolm,* 426 F.Supp. 464, 465 (S.D.N.Y.1977). Therefore, the discharge from BHDM of the original class representatives did not make moot the issues raised in the amended complaint.

█ The proposed class, consisting of all pre-trial detainees at BHDM who are or may be classified as maximum security, satisfies the requirements of Rule 23. The prerequisites to class certification under Rule 23(a) are:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a).

Here, as reflected by the difficulty in finding class representatives currently incarcerated in BHDM's maximum security section and as plaintiffs point out, the transitional nature of the proposed class makes joinder of all class members a practical impossibility. *See, e.g., Phillips v. Joint Legislative Committee,* 637 F.2d 1014,

1021–22 (5th Cir.1981), *cert. denied,* 456 U.S. 960, 102 S.Ct. 2035, 72 L.Ed.2d 483 (1982). Common questions of law and fact predominate in this case because the challenged policies are applied to most, if not all, class members and the remedy sought is injunctive relief curtailing their application. *See Inmates of Attica Correctional Facility v. Rockefeller,* 453 F.2d 12, 24 (2d Cir.1971). The claims of the new proposed class representatives are also typical of the claims of the class inasmuch as there is no suggestion that they are atypical class members. *See Marcera v. Chinlund,* 595 F.2d 1231, 1239 (2d Cir.), *vacated on other grounds,* 442 U.S. 915, 99 S.Ct. 2833, 61 L.Ed.2d 281 (1979). Simmons and Korkala are subject to the same searches and have been injured by the same restraints as the other members of the proposed class and there is nothing in the record which suggests a contrary conclusion. *See* Affidavit of Law Student Maxwell Gould ¶ 14, filed Oct. 30, 1984; *Kozlowski v. Coughlin,* 539 F.Supp. 852, 854–55 n. 5 (S.D.N.Y.1982). Moreover, we find that, with the assistance of their competent counsel they will adequately and fairly protect the interests of the class.

In addition to meeting the requirements of Rule 23(a), a proposed class must also satisfy at least one of Rule 23(b)'s elements. It is undisputed that defendants have "acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed.R. Civ.P. 23(b)(2); *see also Kozlowski v. Coughlin, supra,* 539 F.Supp. at 855. Accordingly, we find that class certification is warranted here and grant plaintiffs' motion.

Plaintiffs also request that the proposed notice of class certification attached to their Notice of Motion be posted in all common areas in BHDM's maximum security facility. Defendants do not oppose the request but ask that certain additional language be added to the third paragraph of the proposed notice. Plaintiffs consent to

defendants' request and it is therefore ordered that the proposed class certification notice be posted in all common areas within BHDM's maximum security facility and that it includes the additional language suggested by the defendants.

Plaintiffs' motion for class certification is granted. Defendants' motion for summary judgment is treated as indicated in the margin.

It is so ordered.