An Order will be entered consistent with this Opinion.

CITIZENS FOR AN ORDERLY ENERGY POLICY, INC., et al., Plaintiffs,

v.

COUNTY OF SUFFOLK and Peter F. Cohalan, in his capacity as County Executive, Defendants.

No. CV–83–4966.

United States District Court, E.D. New York.

April 11, 1984.

---

Pacific Legal Foundation by Lucinda Low Swartz, Washington, D.C., for plaintiffs.

Kirkpatrick, Lockhart, Hill, Christopher & Phillips by Herbert H. Brown, Washington, D.C., Kirkpatrick, Lockhart, Johnson & Hutchinson by David A. Brownlee, Pittsburgh, Pa., for defendants, Suffolk County and Peter F. Cohalan, County Executive.

Edward M. Barrett, Mineola, N.Y., Hunton & Williams by Lewis F. Powell, III, Richmond, Va., for Long Island Lighting Co.

Lou Lewis, Poughkeepsie, N.Y., for Shoreham-Wading River Central School Dist.

## MEMORANDUM AND ORDER

ALTIMARI, District Judge:

Plaintiffs Citizens for an Orderly Energy Policy, Inc. ("Citizens"), a not-for-profit corporation, and five of its members commenced the instant action by the filing of a complaint on or about November 10, 1983. Seeking declaratory as well as injunctive relief, plaintiffs plead two causes of action. Briefly stated, plaintiffs' first cause of action seeks a judgment declaring three resolutions adopted and implemented by defendants void and illegal as preempted by the Atomic Energy Act, 42 U.S.C. § 2011 *et seq.* For a second state law cause of action, plaintiffs seek an injunction requiring the Suffolk County Planning Department to develop or assist in the development of a radiological emergency response plan for the Shoreham Nuclear Power Facility ("Shoreham"), and requiring the County of Suffolk to make available all necessary resources in the event of an emergency at Shoreham for the protection of the residents' health and safety. *See* N.Y. Const.

art. 9, § 2(c)(10); N.Y.Exec.Law §§ 20, 23, 25 (McKinney 1982).

The Shoreham-Wading River Central School District (the "District"), pursuant to Rule 24(a)(2) and (b)(2), Fed.R.Civ.P., and Long Island Lighting Company ("LILCO"), pursuant to Rule 24(a)(2), by separate motions seek leave to intervene in this lawsuit as plaintiffs. Defendants urge that we deny their motions to intervene. In addition, defendants have moved to dismiss plaintiffs' complaint.

## DISCUSSION

Rule 24(a)(2), Fed.R.Civ.P., provides that: "Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

Rule 24(b)(2) provides that: "Upon timely application anyone may be permitted to intervene in an action: ... (2) when an applicant's claim or defense and the main action have a question of law or fact in common .... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

While some courts and commentators refer to a "threefold test for intervention of right," *see* 7A Wright & Miller, *Federal Practice and Procedure,* § 1908, at 495 (1972) (hereinafter "Wright & Miller"), this Circuit has recently analyzed the applicants' burden in terms of a four-pronged test. An intervener must show that:

"(1) the application is timely; (2) the applicant claims an interest relating to the property or transaction which is the subject matter of the action ...."; (3) the protection of the interest may as a practical matter be impaired by the disposition of the action; and (4) the interest is not

adequately protected by an existing party."

*Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy Products, Inc.*, 725 F.2d 871, 874 (2d Cir.1984). *See*, 3B Moore, *Moore's Federal Practice*, par. 24.07[1], at 24–50 (2d ed. 1982) (hereinafter "Moore's Federal Practice"). Guided by the above test, we address separately the two motions for intervention.

## A. LILCO'S APPLICATION

In support of its motion to intervene, LILCO argues with respect to the first requirement that its motion is timely since the complaint was filed barely four and a half months ago; no answer has been filed; no discovery has taken place; no trial date has been set; and intervention will neither inconvenience the parties or the court nor delay the resolution of the ultimate issues in the case. As to the second requirement, LILCO argues that the defendants seek to prevent Shoreham's operation for reasons of radiological safety. Since Shoreham is LILCO's "single largest economic endeavor" and "[t]he financial well-being of LILCO is inextricably linked to Shoreham," LILCO argues that its interest in the subject matter of the action "could hardly be greater." As to the third requirement, LILCO argues that while dismissal of plaintiffs' complaint would not prevent it from raising its claims against the defendants in a separate action, the *stare decisis* impact of an earlier decision on the same subject might impair its ability to prosecute its claims. Turning to the last requirement, LILCO argues that while it has confidence in the plaintiffs and their attorneys, the defendants have challenged their standing to maintain the instant action. Moreover, LILCO reasons that because of the magnitude of its interest in the resolution of the subject matter of the instant action, "it would be appropriate to allow LILCO to intervene in recognition of the reality that, no matter how ardent the plaintiffs, they have a significantly smaller stake in this case than does LILCO."

Answering LILCO's motion, defendants argue that LILCO has not clearly demonstrated inadequate representation to justify intervention, *i.e.*, it has not established that the original plaintiffs have interests adverse to LILCO's or are guilty of nonfeasance, or that the original plaintiffs and defendants are in collusion. Defendants also argue that given the circumstances of this case, LILCO's motion to intervene is untimely, and that LILCO's ability to protect its interest will not be impaired by denial of the motion to intervene.

Addressing first LILCO's request that we resolve its motion to intervene before turning to the defendants' motion to dismiss, we think such a procedure, especially under the facts of the instant case, most appropriate. First, LILCO has recently filed an action against defendants in this Court. Contrary to defendants' argument, the action is essentially identical to the instant case, but for an additional claim styled under the Civil Rights Act, 42 U.S.C. § 1983. If allowed to intervene in this action, LILCO will withdraw its separate action saving both the Court and the defendants the burden of essentially duplicative litigation and putting all concerned parties before the Court at one time. More importantly, LILCO, as even defendants must surely recognize, has as great an interest in the subject matter of this action as defendants and certainly more than plaintiffs. It asks this Court to allow it the opportunity to file a brief and be heard before we decide issues of paramount importance to it. That defendants argue that the parties before the Court have already exhaustively briefed the legal issues and that there is little left for LILCO to add, is an argument we find particularly unpersuasive. Obviously, LILCO does not ask for the opportunity to address the issues in the hope that it will discover a case or some authority unnoticed by the other very able attorneys involved in this matter. It merely asks the Court to allow it the opportunity to persuade us that plaintiffs and its position, rather than defendants, is best supported by the applicable authority. Furthermore, we are unmoved by defendants' suggestion that deferring the motion

to dismiss, so that LILCO may respond, will benefit neither the Court nor the parties. This Court believes we all benefit when every lawfully interested party is afforded the opportunity to express its thoughts and position before a court takes possibly dispositive action. Our system of jurisprudence requires it and parties appearing before this Court can expect nothing less. Finally, the delay occasioned by LILCO's entrance into the action will be relatively short and to the prejudice of no party.

 As the above discussion indicates, we think LILCO's motion to intervene proper. First, while one can question why it wasn't brought on a bit earlier, the delay will not prejudice the existing parties to the action. *See* Wright & Miller, *supra*, § 1916, at 575–76 ("The most important consideration in deciding whether a motion for intervention is untimely is whether the delay in moving for intervention will prejudice the existing parties to the case.") Indeed, the argument of the motion's untimeliness carries little force when one notes that discovery has yet to commence, nor motions to date decided, nor prejudice likely to befall any party by allowing intervention. *See, Jet Traders Inv. Corp. v. Tekair Ltd.*, 89 F.R.D. 560, 568 (D.Del.1981). Second, LILCO clearly has a direct and substantial interest in the determination of the issues presented in this action. Simply put, plaintiffs seek to compel defendants to participate in offsite emergency planning for Shoreham and thereby remove a major impediment to Shoreham's licensing. Third, it is similarly clear that LILCO's ability to protect its interest may well be impaired if we continue this action and grant defendants' motion to dismiss in its absence. While LILCO could still raise the same issues in its action, the principle of *stare decisis* would undoubtedly impair LILCO's ability to protect its interest were it prevented from intervening in this action and addressing the pending motion. *See, Smith v. Pangilinan*, 651 F.2d 1320, 1325 (9th Cir.1981); *Nuesse v. Camp*, 385 F.2d

694, 702 (D.C.Cir.1967); *Atlantis Development Corp. v. United States*, 379 F.2d 818, 826–29 (5th Cir.1967); *Spirt v. Teachers Ins. and Annuity Ass'n*, 93 F.R.D. 627, 643 (S.D.N.Y.1982); *In re Oceana International, Inc.*, 49 F.R.D. 329, 332 (S.D.N.Y. 1969); *see also, New York Public Interest Research Group, Inc. v. Regents of University of State of New York*, 516 F.2d 350, 352 (2d Cir.1975); *Securities and Exchange Commission v. Everest Management Corp.*, 475 F.2d 1236, 1239 n. 4 (2d Cir.1972); Wright & Miller, *supra*, § 1908, at 515; *Moore's Federal Practice, supra*, par. 24.07[3], at 24–65. Finally, we turn to the more difficult question of adequacy of representation. While the leading commentators disagree with respect to whether the burden is on the intervener to show that representation may be inadequate, *see, Moore's Federal Practice, supra*, par. 24.-07[4], at 24–70–71, or on the party opposing intervention to show that representation is adequate, *see* Wright & Miller, *supra*, § 1909, at 520–21, in this Circuit the burden lies with LILCO, the intervener, to show that representation may be inadequate. *United States Postal Service v. Brennan*, 579 F.2d 188, 191 (2d Cir.1978). We think LILCO has satisfied its "minimal" burden. *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 636 n. 10, 30 L.Ed.2d 686 (1972); *United States Postal Service v. Brennan, supra*, 579 F.2d at 191. To begin with, we reject defendants' suggestion that an intervener may satisfy the inadequate representation requirement only by establishing (i) that the original plaintiffs have interests adverse to the intervener's or are guilty of nonfeasance or (ii) that the existing parties are in collusion. (Defendants' Memorandum in Response to LILCO's Motion to Intervene at 5, citations omitted). *See*, Wright & Miller, *supra*, § 1909, at 523–24. Here, defendants have challenged plaintiffs' standing to maintain this lawsuit. This challenge alone creates a serious possibility that plaintiffs may not adequately represent LILCO.[1] Moreover,

---

**1.** The Court recognizes that intervention cannot

cure a jurisdictional defect that would have

it is clear that while plaintiffs' and LIL-CO's interests are not adverse, they are different. This too adds to the risk that plaintiffs may not adequately represent LILCO's interest. In sum, we find that LILCO has satisfied its minimal burden and is entitled to intervene as of right in this action. In any event, were we to conclude otherwise, as by finding that LILCO is adequately represented in this action, we would invite LILCO to move to intervene pursuant to Rule 24(b)(2), Fed.R.Civ.P., and immediately grant that motion. In light of LILCO's great interest in the subject matter of this action, the possible contribution it may make to proper resolution of the issues, and the Court's interest in resolving these difficult issues in one lawsuit with the participation of all concerned parties, it hardly makes sense to bar LILCO's entrance into this lawsuit. *See Discussion, infra.*

### THE DISTRICT'S MOTION

The District moves to intervene pursuant to Rule 24(a)(2), or, in the alternative, 24(b)(2), Fed.R.Civ.P. Without addressing the more difficult question of the District's right to intervene as of right, we grant its motion for permissive intervention under Rule 24(b)(2).

Under Rule 24(b)(2), there are three requirements for permissive intervention:

(1) "timely application;"

(2) "a question of law or fact in common between the applicant's claim or defense and the main action;" and

(3) a determination that the intervention will not "unduly delay or prejudice the adjudication of the rights of the original parties."

*United States v. Columbia Pictures Industries, Inc.,* 88 F.R.D. 186, 189 (S.D.N.Y. 1980). *Accord, United States v. Yonkers Bd. of Education,* 518 F.Supp. 191, 202

(S.D.N.Y.1981). It is well-settled that the principal consideration in either granting or denying an application for permissive intervention is "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *United States Postal Service v. Brennan, supra,* 579 F.2d at 191; *Spirt v. Teachers Ins. and Annuity Ass'n, supra,* 93 F.R.D. at 645; *Weisman v. Darneille,* 89 F.R.D. 47, 52 (S.D.N.Y.1980); *United States v. Columbia Pictures Industries, Inc., supra,* 88 F.R.D. at 189. *See generally,* Wright & Miller, *supra,* § 1913, at 552; 7 *Cyclopedia of Federal Procedure,* § 24.23, at 22 (rev. ed. 1971). In addition, the Court may also consider the nature and extent of the intervener's interests, whether the intervener's participation will contribute to the just and equitable adjudication of the issues, and whether the intervener's interests are adequately represented by the parties of record. *United States Postal Service v. Brennan, supra,* 579 F.2d at 191. The last factor, adequacy of representation, is "a minor factor at most." *United States v. Columbia Pictures Industries, Inc., supra,* 88 F.R.D. at 189. *See, Groves v. Insurance Company of North America,* 433 F.Supp. 877, 888 (E.D.Pa.1977).

In resisting the District's attempt to permissively intervene in this action, defendants in essence argue that the District's position is as legally faulty as plaintiffs', that its participation will not materially assist our resolution of the action, and that the original plaintiffs will adequately represent its interests. Significantly, defendants do not even suggest that the District's intervention will *unduly* delay or prejudice the original parties.

Having reviewed the intervener's complaint and the arguments contained in the District's memorandum of law, it is self-evident that the District's claims and the main action contain common, if not identical, questions of law and fact. Moreover, the application is clearly timely, *see* p.

---

barred us from hearing the original action between the parties; however, if plaintiffs are later found to be without standing to proceed in this action, it is within our discretion to treat LILCO's pleadings as a separate action since it

would appear that no challenge can or will be made to its standing. 7A Wright & Miller, *Federal Practice and Procedure,* § 1917, at 585–86 (1972).

501 *supra*, and while the District's addition will cause some delay, in that "additional parties always take additional time," Wright & Miller, *supra*, § 1913, at 553, the delay will certainly not be undue or to the prejudice of the original parties. In addition, the District has a great interest in the subject matter of this action, economic and otherwise, and its participation will only benefit the just and equitable adjudication of the issues. For all of these reasons, the District's motion to intervene under Rule 24(b)(2) is granted.

LILCO and the District are granted leave to file briefs in opposition to the defendants' motion to dismiss, such briefs to be filed within two weeks from receipt of this memorandum and order. Defendants may respond to those briefs within two weeks from receipt and, in addition, address any issues raised by the interveners' presence in the action, including its effect on the motion to dismiss and the grounds raised therein. In addition, in the interests of justice and equal time, plaintiffs may respond to defendants' final submission.

## CONCLUSION

For the reasons stated herein, the motions of LILCO and the District to intervene are granted.

SO ORDERED.