Otis **ALSTON, Ernest Icesom and James McGourty, on behalf of themselves and all others similarly situated, Plaintiffs,**

v.

**Thomas A. COUGHLIN, III, Commissioner of the New York State Department of Correctional Services, and Theodore Reid, Superintendent of Fishkill Correctional Facility, in their official capacities, Defendants.**

**No. 85 Civ. 5237 (LLS).**

United States District Court, S.D. New York.

Feb. 27, 1986.

---

Prisoners' Legal Services of N.Y., Poughkeepsie, N.Y., for plaintiffs; Stephen M. Latimer, David C. Leven, of counsel.

Robert Abrams, Atty. Gen. of N.Y., New York City, for defendants; Barbara B. Butler, Tarquin J. Bromley, Frank J. Wenick, Asst. Attys. Gen., of counsel.

Rowley, Forrest and O'Donnell, P.C., Albany, N.Y., for proposed intervenors; Mark T. Walsh, Jr., of counsel.

STANTON, District Judge.

The plaintiffs in this action, all of them inmates at Fishkill Correctional Facility ("Fishkill"), sue on behalf of themselves and all others similarly situated pursuant to 42 U.S.C. § 1983 claiming violations of their rights under the Eighth and Fourteenth Amendments to the United States Constitution. They allege that chronic overcrowding at Fishkill results in, among other things, regular assaults and thefts; an undue risk of injury from fire; and inadequate food service, sanitary facilities, educational activities, legal resources, recreation facilities, and visitation privileges. The plaintiffs seek declaratory and injunctive relief.

The case is before the court on plaintiffs' motion pursuant to Fed.R.Civ.P. 23 for an order certifying a class of "all inmates who presently are or will in the future be incarcerated in Fishkill Correctional Facility," and on the motion of the New York State Inspection, Security and Law Enforcement

Employees, District 82, American Federation of State, County and Municipal Employees, AFL–CIO ("District 82") pursuant to Fed.R.Civ.P. 24 for an order allowing it to intervene in the action. For the reasons set forth below the plaintiffs' motion for class certification is granted, and District 82's motion to intervene is denied.

### Class Certification

A suit must meet the four requirements set forth in Rule 23(a) and must also fall within one of the subsections of Rule 23(b) to be maintainable as a class action. *Eisen v. Carlisle & Jacqueline,* 417 U.S. 156, 163, 94 S.Ct. 2140, 2145–46, 40 L.Ed.2d 732 (1974); *Gianna Enterprises v. Miss World (Jersey) Ltd.,* 551 F.Supp. 1348, 1355 (S.D.N.Y.1982). The plaintiffs correctly contend that their action meets the numerosity, commonality, typicality and adequate representation prerequisites of Rule 23(a) and the Rule 23(b) requirement that "the party opposing the class has acted or refused to act on grounds generally applicable to the class."

The defendants do not contest that the plaintiffs' suit meets the requirements of Rule 23. Rather they argue that plaintiffs' proposed class should not be certified because of the asserted "judicial policy" of denying class certification when "plaintiffs seek to enjoin the administrative practices or policies of a public agency." (Defendants' Memorandum at 2–3.) They contend that under such circumstances certification is unnecessary. (*Id.* at 7.)

■ The Second Circuit has held that when a plaintiff seeks "declaratory or injunctive relief against state officials on the ground of unconstitutionality of a statute or administrative practice" a district court may deny class certification. *Galvan v. Levine,* 490 F.2d 1255, 1261 (2d Cir.1973), *cert. denied,* 417 U.S. 936, 94 S.Ct. 2652, 41 L.Ed.2d 240 (1974); *see also McKenna v. Peekskill Housing Authority,* 573 F.Supp. 976, 981 (S.D.N.Y.1983); *Denenberg v. Blum,* 93 F.R.D. 131, 133–34 (S.D.N.Y. 1982). Such a denial is, however, by no means mandatory. Classes of prisoners alleging constitutional infirmities in prison conditions or administrative practices have often been certified in this circuit. *See, e.g., Jones-Bey v. Caso,* 535 F.2d 1360 (2d Cir.1976); *Arrango v. Ward,* 103 F.R.D. 638 (S.D.N.Y.1984); *Kozlowski v. Coughlin,* 539 F.Supp. 852, 854–55 (S.D.N.Y. 1982); *Marcera v. Chinlund,* 91 F.R.D. 579, 585 (W.D.N.Y.1982); *Powell v. Ward,* 487 F.Supp. 917, 922 (S.D.N.Y.1980), *modified on other grounds and aff'd,* 643 F.2d 924 (2d Cir.1981), *cert. denied,* 454 U.S. 832, 102 S.Ct. 131, 70 L.Ed.2d 111 (1981); *Diaz v. Ward,* 437 F.Supp. 678, 691 (S.D.N.Y.1977); *Forts v. Coughlin,* 426 F.Supp. 464, 465 (S.D.N.Y.1977); *Tunin v. Ward,* 78 F.R.D. 59, 66 (S.D.N.Y.1977); *Monroe v. Bombard,* 422 F.Supp. 211, 218–19 (S.D. N.Y.1976); *Cicero v. Olgiati,* 410 F.Supp. 1080, 1099 n. 8 (S.D.N.Y.1976).

While it is clear that a plaintiff need not prove the necessity of class certification, *see Nelson v. Regan,* 560 F.Supp. 1101, 1105 (D.Conn.1983), *aff'd,* 731 F.2d 105 (2d Cir.1984), *cert. denied,* — U.S. —, 105 S.Ct. 175, 83 L.Ed.2d 110 (1984); *Montes v. Brezenoff,* 85 F.R.D. 130, 132 (S.D.N.Y. 1980), where he relies on Rule 23(b)(2) to support a motion for class certification he must not only meet the requirements of the rule "but must also present additional reasons for obtaining certification of the class...." *Davis v. Smith,* 607 F.2d 535, 540 (2d Cir.1978); *see also Ram v. Blum,* 533 F.Supp. 933, 938 (S.D.N.Y.1982). Here plaintiffs point out that if they are transferred or released from Fishkill prior to the determination of an appeal in this case, any judgment in their favor may be dismissed as moot. *See Wirtz v. Local Unions 410, 410A, 410B & 410C, Int'n'l Union of Operating Engineers,* 366 F.2d 438, 442 (2d Cir.1966).

An action becomes moot as to a particular plaintiff when he no longer has a " 'legally cognizable interest in the outcome' " of the litigation. *Murphy v. Hunt,* 455 U.S. 478, 481, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982) (quoting *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980) ). Since the plaintiffs have not sued for dam-

ages, without class certification this case would become moot if they were moved from Fishkill. *Id.* at 482, 102 S.Ct. at 1183–84. In that event the case would have to be dismissed since "[a] federal court is without power to decide moot questions or to give advisory opinions which cannot affect the rights of the litigants in the case before it." *Wirtz,* 366 F.2d at 442 (quoting *St. Pierre v. United States,* 319 U.S. 41, 63 S.Ct. 910, 87 L.Ed. 1199 (1943) ); *see also Nestle Co., Inc. v. Chester's Market, Inc.,* 596 F.Supp. 1445, 1448 (D.Conn. 1984), *rev'd on other grounds,* 756 F.2d 280 (2d Cir.1985); *Saunders v. Schweiker,* 508 F.Supp. 305, 309 (W.D.N.Y.1981).

For example, in *Lasky v. Quinlan,* 558 F.2d 1133 (2d Cir.1977), plaintiffs alleged various constitutional violations attendant to their incarceration at the Duchess County jail. The district court entered an order approving the parties' stipulation of settlement, and subsequently adjudged the defendant in contempt for failure to comply with the order. The Second Circuit *sua sponte* vacated the order of contempt and remanded to the court below for dismissal because none of the plaintiffs were in custody at the jail at the commencement of the contempt proceeding. The court explained: "Since the District Court denied class certification in its order approving the stipulation, there is no longer any party to this action having an interest in the enforcement of the consent decree. Thus, the case is moot and this Court is without jurisdiction." *Id.* at 1136.

■ Thomas A. Coughlin, III, the Commissioner of the New York State Department of Correctional Services, asserts that if the plaintiffs are no longer incarcerated at Fishkill he waives "any defense of mootness...." (Coughlin Aff., ¶¶ 1, 3.) Mr. Coughlin's· undertaking is of no effect, however. The mootness doctrine is an elemental limitation on federal judicial power, and its effect may not be waived by a party. *Gilchrist v. Califano,* 473 F.Supp. 1102, 1108 n. 3 (S.D.N.Y.1979); *cf. Simon v. Eastern Kentucky Welfare Rights Or-*

*ganization,* 426 U.S. 26, 37–39, 96 S.Ct. 1917, 1923–25, 48 L.Ed.2d 450 (1976).

■ If plaintiffs' proposed class is certified their transfer or release from Fishkill would not moot the case as to the remaining class members. *Sosna v. Iowa,* 419 U.S. 393, 402 n. 11, 95 S.Ct. 553, 42 L.Ed.2d 532 (1978); *Jones v. Califano,* 576 F.2d 12, 22 (2d Cir.1978); *White v. Matthews,* 559 F.2d 852, 857 (2d Cir.1977), *cert. denied,* 435 U.S. 908, 98 S.Ct. 1458, 55 L.Ed.2d 500 (1978). The plaintiffs' interest in averting the possibility of the action becoming moot, with the concomitant interest in judicial economy, makes class certification in this case more than an empty formality and provides the "additional reason" required in *Davis* to justify certification. The same interests have impelled other courts to certify a plaintiff class even where the declaratory or injunctive relief sought would by its nature inure to the benefit of others similarly situated. *See e.g., Greklek v. Toia,* 565 F.2d 1259, 1261 (2d Cir.1977) (per curiam), *cert. denied,* 436 U.S. 962, 98 S.Ct. 3081, 57 L.Ed.2d 1128 (1978); *Arthur v. Starrett City Assoc.,* 98 F.R.D. 500, 508 (E.D.N.Y.1983); *Wilder v. Bernstein,* 499 F.Supp. 980, 994 (S.D.N.Y.1980); *Cicero,* 410 F.Supp. at 1099 n. 8; *Dionne v. Bouley,* 757 F.2d 1344, 1356 (1st Cir.1985); *Johnson v. City of Opelousas,* 658 F.2d 1065 (5th Cir.1981); *Hoehle v. Likins,* 538 F.2d 229, 231 (8th Cir.1976) (per curiam); *Westcott v. Califano,* 460 F.Supp. 737, 746 (D.Mass.1978), *aff'd,* 443 U.S. 76, 99 S.Ct. 2655, 61 L.Ed.2d 382 (1979); *cf. Riley v. Ambach,* 508 F.Supp. 1222, 1233 n. 6 (E.D. N.Y.1980), *rev'd on other grounds,* 668 F.2d 635 (2d Cir.1981) (no need to certify class where relief sought will benefit all similarly situated and plaintiffs' case can not become moot); *McKenna v. Peekskill Housing Authority,* 83 F.R.D. 600, 604 (S.D.N.Y.1979) (same); *Marquez v. Kiley,* 436 F.Supp. 100 (S.D.N.Y.1977) (same). To avert the possibility of this litigation becoming moot before a final determination on appeal, plaintiffs' motion to certify a class defined as all inmates who presently are or will be incarcerated in Fishkill is granted.

Intervention

■ District 82 moves to intervene as of right pursuant to Fed.R.Civ.P. 24(a). An applicant for intervention is entitled to intervene in an action if:

(1) the application was made in timely fashion, (2) the applicant claims an interest relating to the property or transaction that is the subject matter of the action, (3) the applicant is so situated that disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest, and (4) the applicant's interest is not adequately represented by existing parties.

*Spirt v. Teachers Ins. and Annuity Assoc.*, 93 F.R.D. 627, 643 (S.D.N.Y.1982); *see also United States Postal Service v. Brennan*, 579 F.2d 188, 191 (2d Cir.1978). The burden of showing a right to intervention is on the applicant. *Brennan*, 579 F.2d at 191. Neither party argues that District 82's application was untimely filed.

District 82 contends that its interests may be compromised in this litigation. It is the exclusive bargaining representative of the New York State correction officers, sergeants and supervisors, and as such is responsible for administering the collective bargaining agreement and other understandings between New York and District 82. (Aff. of Richard J. Bischert, ¶¶ 2, 3, 8.) Under the present collective bargaining agreement, job and shift assignments at Fishkill are based on the seniority of the qualified employees who bid on permanent vacancies and, according to a long-standing "past practice" honored by the state, employee transfers from Fishkill to other correctional facilities are also awarded by seniority. (Bischert Aff., ¶¶ 4–8; District 82's Memorandum at 7.) District 82 argues that its members' seniority-based reassignment rights are threatened because "the plaintiffs allege that the seniority based method of staffing at Fishkill Correctional Facility is inadequate and that such inadequate staffing leads to the inadequate conditions about which the plaintiffs complain." (Bischert Aff., ¶ 9.)

District 82 has failed to meet the requirements for intervention under Rule 24(a). First, the interest asserted by District 82 does not relate directly, as it must for intervention, to the subject matter of the action. *Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy Products, Inc.*, 725 F.2d 871, 874 (2d Cir.1984). The plaintiffs' complaint alleges violations of their constitutional rights caused by overcrowding at Fishkill. They neither allege defects in the seniority-based assignment system nor seek to change that system. Thus District 82's interest relates to the subject matter of the suit only in an indirect and hypothetical manner.

Second, the impairment of District 82's ability to protect its interest is too remote and contingent to justify its intervention. The complaint alleges that overcrowding at Fishkill results in inexperienced and inadequate security staffing and seeks an order directing "that each and every inadequate condition in this complaint be alleviated." (Complaint, ¶¶ 23–28, Claims for Relief.) Taken together these do not so squarely confront District 82's interest in its assignment procedures as to require its intervention. *Cf. Restor-A-Dent*, 725 F.2d at 875; *In re Penn Central Commercial Paper Litigation*, 62 F.R.D. 341, 346 (S.D.N.Y. 1974), *aff'd mem.*, 515 F.2d 505 (2d Cir. 1975).

An applicant for intervention as of right has a "minimal" burden of showing that the representation of its interests by the parties may be inadequate. *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 636 n. 10, 30 L.Ed.2d 686 (1972). However, since District 82's interest is not directly related to the subject matter of this action, and since in any case the threat posed by the litigation to its interest is largely speculative, the adequacy of the parties' representation of that interest becomes irrelevant. *Cf. United States v. Hooker Chemical & Plastics Corp.*, 749 F.2d 968, 983 (2d Cir.1984). District 82 is not entitled to intervention as a matter of right.

District 82 also moves for permissive intervention pursuant to Fed.R.Civ.P. 24(b)(2), which provides that one may be permitted to intervene in an action "when an applicant's claim or defense and the main action have a question of law or fact in common." In addition to the congruence of questions of law or fact, the proposed intervenor under Rule 24(b)(2) must show that the application was timely and that intervention would not " 'unduly delay or prejudice the adjudication of the rights of the original parties.' " *Citizens for an Orderly Energy Policy, Inc. v. County of Suffolk*, 101 F.R.D. 497, 502 (E.D.N.Y. 1984) (quoting *United States v. Columbia Pictures Industries, Inc.*, 88 F.R.D. 186 (S.D.N.Y.1980) ). The court may also consider "the nature and extent of the intervener's interests, whether the intervener's participation will contribute to the just and equitable adjudication of the issues, and whether the intervener's interests are adequately represented by the parties of record," this last factor being a minimal consideration. *Citizens*, 101 F.R.D. at 502.

There appears to be little in common, and District 82 does not demonstrate any commonality, between the plaintiffs' constitutional claims and District 82's feared interference with its contract rights. District 82 finds a common issue of fact in paragraph 28 of the complaint, in which it is alleged that "[t]he combination of high turnover of security staff and the large number of inexperienced security staff, results in an inability to protect prisoners at Fishkill from harm." (District 82's Reply Memorandum at 11.) However much the seniority-based assignment system in force at Fishkill causes the alleged inadequacy of its security staff, a chain of causation which District 82 finds "implied" in the complaint (*see* District 82's Proposed Answer, ¶ 16), the effect of the assignment system on conditions at Fishkill is a collateral matter in this litigation. Any overlap in the factual issues raised by the plaintiffs' complaint and District 82's answer is at most speculative and incidental, and it is thus unlikely that District 82 would "shed light on the facts of the case [to an extent] that will be helpful to the Court in resolving the issues before it." *Spirt*, 93 F.R.D. at 645.

Balanced against the minimal factual overlap are the inevitable complication and delay which would be occasioned by the proposed intervention:

> Additional parties always take additional time. Even if they have no witnesses of their own, they are the source of additional questions, objections, briefs, arguments, motions and the like which tend to make the proceeding a Donnybrook Fair. Where he presents no new questions, a third party can contribute usually most effectively and always most expeditiously by a brief amicus curiae and not by intervention.

*Crosby S. Gage and Valve Co. v. Manning, Maxwell & Moore*, 51 F.Supp. 972, 973 (D.Mass.1943); *see also Sierra Club v. United States Army Corps of Engineers*, 709 F.2d 175, 177 (2d Cir.1983) (per curiam). The additional burden which would be imposed on the court and the parties by the proposed intervention cannot be justified in view of the minimal extent to which District 82's participation would contribute to the just and equitable resolution of the issues raised in this action.

### Summary

Plaintiffs' motion to certify a class of all inmates who presently are or will be incarcerated in Fishkill is granted. District 82's motion to intervene is denied, provided that if there is a finding of liability of defendants in this action the court will consider a renewed application by District 82 for limited intervention during the remedial phase of the case. *Cf. Sierra Club*, 709 F.2d at 177.

So ordered.