**MRS. W., et al.**

v.

**Gerald N. TIROZZI, et al.**

**Civil No. H–85–389 (PCD).**

United States District Court,
D. Connecticut.

Feb. 7, 1989.

Douglas N. Crockett, Conn. Legal Service, Willimantic, Conn., Sharon Langer, Conn. Legal Service, New Britain, Conn., Mary Conklin, Conn. Legal Service, Waterbury, Conn., for plaintiffs.

Maureen Murphy, Asst. Atty. Gen., Hartford, Conn., for defendants.

## RULING ON MOTION TO INTERVENE

DORSEY, District Judge.

On May 7, 1985, plaintiffs, parents of handicapped children, and Connecticut Legal Services, commenced this action, pursuant to 42 U.S.C. § 1983, on their own behalf and on behalf of others similarly situated, against the Connecticut State Board of Education; Gerald N. Tirozzi, the Connecticut Commissioner of Education; and the members of the Connecticut State Board of Education. Plaintiffs allege that defendants' failure to make bona fide attempts to resolve their complaints and to implement fully an informal complaint resolution procedure ("CRP") violates the Education of the Handicapped Act, 20 U.S.C. § 1400–1485, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the due process and equal protection clauses of the fourteenth amendment. Plaintiffs are not challenging the State Board's prior substantive decisions on their complaints, but instead seek an injunction requiring defendants to formulate and implement an adequate CRP. *See Mrs. W. v. Tirozzi,* 832 F.2d 748, 753 (2d Cir.1987).

Eliot J. Dober, Executive Director of the State Office of Protection and Advocacy for Handicapped and Developmentally Disabled Persons, and Mrs. L., individually and on behalf of William L., a minor, now move for leave to intervene in this case pursuant to Rule 24, Fed.R.Civ.P.[1]

---

1. Rule 24, Fed.R.Civ.P., provides, in relevant part:

    (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately protected by existing parties.

    (b) Permissive Intervention. Upon timely application anyone may be permitted to inter-

Mr. Dober seeks intervention as of right under Rule 24(a)(2) and in the alternative permissive intervention under Rule 24(b)(2). He bases his claim for intervention on his statutory responsibility to "[r]epresent, appear, intervene in or bring an action on behalf of any handicapped person ... in any proceeding before any court ... in which matters related to this chapter are in issue." Conn.Gen.Stat. § 46a–11(7). He argues that he has an interest relating to the claims of the original parties and is so situated that the disposition of this action may impede or impair his ability to protect the interests of the handicapped. In addition, he asserts that his claims have facts and law in common with the original action and intervention would not unduly delay or prejudice the adjudication of this matter.

Mrs. L. moves for permissive intervention under Rule 24(b). She asserts the existence of common questions of law and fact with the original claim as well as lack of any undue delay or prejudice in support of her claim for permissive intervention.

*Discussion*

■ In order to intervene under Rule 24(a)(2) an applicant must (1) file timely, (2) demonstrate an interest in the action, (3) show an impairment of that interest arising from an unfavorable disposition, and (4) show that representation of its interest by existing parties is inadequate. *See United States v. State of New York*, 820 F.2d 554, 556 (2d Cir.1987); *Restor–A–Dent Dental Lab., Inc. v. Certified Alloy Prod., Inc.*, 725 F.2d 871, 874 (2d Cir.1984). Failure to satisfy any one of these requirements is sufficient grounds to deny the application. *State of New York*, 820 F.2d at 556; *see also United States v. City of Chicago*, 798 F.2d 969, 972 (7th Cir.1986), *cert. denied,* — U.S. —, 108 U.S. 771, 98 L.Ed.2d 858 (1988).

■ Mr. Dober seeks to intervene in this case nearly four years after the initial complaint was filed. Rule 24 requires intervention to be sought "[u]pon timely application." In determining whether an application is timely, lapse of time is relevant, but not dispositive. *See United States v. Yonkers Bd. of Educ.*, 801 F.2d 593, 596 (2d Cir.1986). All the circumstances of the case must be considered in deciding whether an application is timely. *See NAACP v. New York*, 413 U.S. 345, 365–66, 93 S.Ct. 2591, 2602–03, 37 L.Ed.2d 648 (1973). In this case, discovery has been ongoing, dispositive and procedural motions have been decided or are pending, and Mr. Dober has asserted no reason for his failure to move for intervention at an earlier date. *See Citizens for an Orderly Energy Policy v. County of Suffolk*, 101 F.R.D. 497, 501 (E.D.N.Y.1984). Furthermore, Dober has not shown any unusual circumstances that have arisen since the original filing of the complaint that warrant intervention at this late date. *See NAACP*, 413 U.S. at 368, 93 S.Ct. at 2604. Accordingly, the court finds Dober's application to be untimely.

■ Further, Dober has not represented that his interests will not be adequately represented by the existing parties. "An applicant for intervention as of right has the burden of showing that representation may be inadequate, although the burden 'should be treated as minimal.'" *United States Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir.1978), quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 636 n. 10, 30 L.Ed.2d 686 (1972). Dober has not attempted to overcome the presumption of adequate representation that arises when an applicant has the same ultimate objective as the original parties. *See Commonwealth of Virginia v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir.1976). Dober's complaint raises identical legal issues and seeks the same relief as the original complaint. Moreover, plaintiffs' motion for class certification was previously denied on the basis that any relief secured would "inure to all members of the proposed class similarly situated who seek relief under the revised CRP."

vene in an action: ... (2) when an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court will consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Ruling on Motion for Class Certification at 6. Mr. Dober seeks to intervene based on his statutory responsibility to handicapped persons. However, this role does not require that he be a party to this action. As he presents no additional issues, Dober can effectively advocate the position of handicapped persons by way of amicus curiae brief, where appropriate, without extending the processing of the case as would be occasioned by addition of parties. *See* 3B *Moore's Federal Practice,* ¶ 24.10[4] at 24–126 to 127 (1988). Accordingly, Mr. Dober's motion to intervene as of right is denied.

■ Mrs. L. and Mr. Dober also move for permissive intervention under Rule 24(b)(2). Under Rule 24(b)(2), there are three requirements for permissive intervention:

(1) timely application;

(2) a question of law or fact in common between the applicant's claim or defense and the main action; and

(3) a determination that the intervention will not unduly delay or prejudice the adjudication of the rights of the original parties.

*Citizens for an Orderly Energy Policy,* 101 F.R.D. at 502. While the principle consideration is whether the intervention will unduly delay or prejudice the rights of the original parties, other relevant factors are the nature and extent of the intervener's interest, any contribution the intervener's presence will have on the just and equitable adjudication of the matter, and whether the intervener's interests are adequately protected by the parties of record. *See United States Postal Serv.,* 579 F.2d at 191–92. While the complaint in intervention raises common legal and factual issues, the proposed interveners have not shown that their interests are not adequately protected by the existing parties nor demonstrated that their presence would add to the development of a fair resolution of the case. As previously noted, Dober can adequately perform his role as an advocate for the rights of handicapped persons by way of amicus briefs. Furthermore, Mrs. L. can move to intervene or bring her own action when and if facts or circumstances arise which demonstrate an inadequate representation of her interests or conflicting interests. While the court has questioned the timeliness of the applicants at hand, the development of any facts indicating an inadequacy of representation may represent "unusual circumstances militating for ... a finding of timeliness." *State of New York,* 820 F.2d at 557. The parties of record have demonstrated a sufficient motivation to litigate vigorously as well as an ability to present all colorable contentions. *See National Resources Defense Council, Inc. v. New York State Dept. of Environmental Conservation,* 834 F.2d 60, 62 (2d Cir.1987). In addition, intervention at this late stage would delay this action in the form of pleadings and discovery regarding the factual bases for Mrs. L.'s claims without any showing that such would better aid the court in resolving this matter. Accordingly, the court declines to exercise its discretion to allow permissive intervention under Rule 24(b)(2).

*Summary*

Mr. Dober's motion for intervention as of right is denied. Mrs. L.'s and Mr. Dober's motions for permissive intervention are likewise denied. However, Mr. Dober may, as amicus curiae, file briefs in furtherance of his statutory responsibility as an advocate for handicapped persons.

SO ORDERED.