**STATE of NEW YORK and Thomas C. Jorling, Commissioner, New York State Department of Environmental Conservation, Plaintiff,**

v.

**William K. REILLY, Administrator, United States Environmental Agency, Defendant.**

No. 91–CV–1418.

United States District Court, N.D. New York.

Oct. 16, 1992.

Robert Abrams, Atty. Gen. of the State of New York, Albany (David A. Munro, Asst. Atty. Gen., of counsel), for plaintiff.

Gary L. Sharpe, U.S. Atty., Northern District of New York, Albany, N.Y. (James Woods, Asst. U.S. Atty., of counsel), U.S. Dept. of Justice, Washington, D.C. (Brud Rossmann, Vicki A. O'Meara, of counsel), Office of General Counsel, U.S. E.P.A., Washington, D.C. (Angelia Souder Blackwell, David Coursen, of counsel), Robert G. Hazen, Asst. Regional Counsel, Office of Regional Counsel, New York City, for defendant.

Berle Kass & Case, New York City (Michael B. Gerrard, Jacqueline Warren, of counsel), for intervenors Town of Lewiston, Town of Porter & County of Niagara.

Hazard Waste Treatment Council, Washington, D.C. (David R. Case, Eli D. Eilbott, Helaina L. Wolkoff, of counsel), intervenor.

## MEMORANDUM–DECISION AND ORDER

NEAL P. McCURN, Chief Judge.

### INTRODUCTION

Plaintiffs commenced this action against William K. Reilly, in his capacity as Administrator of the Environmental Protection Agency ("EPA"), pursuant to 42 U.S.C. § 9659 to compel defendant to perform his non-discretionary duties under 42 U.S.C. § 9604(c)(9). *See* Plaintiffs' Complaint at ¶ 1. Presently before the court are three motions. In the first motion, the Towns of Lewiston and Porter, as well as the County of Niagara, ("Municipal Intervenors") move for leave to intervene as of right pursuant to Federal Rules of Civil Procedure 24(a)(2) ("Rule 24") or, in the alternative, for permissive intervention pursuant to Rule 24(b)(2). The second motion is an identical motion for intervention brought by the Hazardous Waste Treatment Council ("HWTC").[1] Defendant opposes both of these motions to intervene. The third motion is brought by defendant to dismiss plaintiffs' complaint and the intervenors' proposed complaints for lack of subject

matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) ("Rule 12") or, in the alternative, for failure to state a claim pursuant to Rule 12(b)(6). Plaintiffs, as well as the would-be intervenors, oppose this motion. At the request of the parties, the court will address the motions to intervene before turning to defendant's motion to dismiss.

### DISCUSSION

#### A. Motions to Intervene

Rule 24 provides for two types of intervention, intervention of right and permissive intervention. Pursuant to Rule 24(a),

[u]pon timely application anyone shall be permitted to intervene in an action: ... (2) when [it] claims an interest relating to the property or transaction which is the subject of the action and [it] is so situated that the disposition of the action may as a practical matter impair or impede [its] ability to protect that interest, unless [its] interest is adequately represented by existing parties.

Fed.R.Civ.P. 24(a)(2) (1991 Rev.Ed.). Furthermore, even those that do not meet the requirements of Rule 24(a) may still be eligible for permissive intervention. Pursuant to Rule 24(b),

[u]pon timely application anyone may be permitted to intervene in an action: ... (2) when [its] claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed.R.Civ.P. 24(b)(2) (1991 Rev.Ed.).

#### 1. Permissive Intervention

Permissive intervention is wholly discretionary with the court. *United States Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir.1978). By its terms, Rule 24(b)(2) requires only that the applicant make a timely application and that its claim and the main action have a question of law

---

**1.** Plaintiffs do not oppose either of these motions to intervene.

or fact in common. *See Nuesse v. Camp,* 385 F.2d 694, 704 (D.C.Cir.1967). In this regard, courts have held that Rule 24(b)(2) is to be liberally construed, *see, e.g., McNeill v. New York City Hous. Auth.,* 719 F.Supp. 233, 250 (S.D.N.Y.1989) (citing *Davis v. Smith,* 431 F.Supp. 1206, 1209 (S.D.N.Y.), *aff'd,* 607 F.2d 535 (2d Cir. 1978)), and that its requirements are satisfied where a single question of law or fact exists despite factual differences between the parties. *See id.* (citations omitted).

■ The principal consideration for the court in determining whether or not to allow intervention is "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Brennan,* 579 F.2d at 191. In exercising its discretion, the court may also consider other relevant factors " '[i]nclud[ing] the nature and extent of the intervenors' interests,' whether their interests are 'adequately represented by the other parties,' and 'whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.' " *Brennan,* 579 F.2d at 191–92 (citing *Spangler v. Pasadena City Bd. of Educ.,* 552 F.2d 1326, 1329 (9th Cir.1977) (footnote omitted)). Furthermore, the court's determination of the adequacy of existing representation necessarily involves an assessment of factors which are within the court's discretion. *Brennan,* 579 F.2d at 191 (citing *Rios v. Enterprise Ass'n Steamfitters Local Union # 638,* 520 F.2d 352, 355 (2d Cir.1975); *Chance v. Board of Educ.,* 496 F.2d 820, 826 (2d Cir.1974)). Even if a court considers these additional factors, however, it is well-established that the primary issue remains undue delay or prejudice, while adequacy of representation is, at most, a minor factor. *United States v. Columbia Pictures Indus., Inc.,* 88 F.R.D. 186, 189 (S.D.N.Y.1980); *see also Citizens For An Orderly Energy Policy, Inc. v. County of Suffolk,* 101 F.R.D. 497, 502 (E.D.N.Y.1984).

■ In the present case, no one disputes the fact that the Municipal Intervenors and the HWTC made timely applications for intervention. Thus, the only real issue is whether allowing these applicants to intervene would cause undue delay or prejudice to the original parties to this action. Defendant's opposition to both of these motions rests entirely upon its contention that the would-be intervenors do not meet any of the additional factors which the court *may* take into consideration in making its determination. In this regard, defendant states that "[t]he [intervenors'] interest in the litigation's outcome is remote, it is identical to that of plaintiffs to the extent that it is cognizable, plaintiff will adequately represent the [intervenors'] interest, and the [intervenors] can add nothing to the legal and factual questions before the court...." *See* Defendant's Memoranda of Law in Opposition to the Motions to Intervene. On the other hand, defendant's only statement respecting the alleged harm that it would suffer if the court were to allow these applicants to intervene is relegated to a footnote in its opposition briefs. In general terms, this footnote states that "[t]he [intervenors'] intervention will only further burden EPA's defensive efforts." *See id.* n. 6.

Given that this litigation is still in its infancy, the court can envision no circumstances in which its decision to allow the Municipal Intervenors and the HWTC to intervene would cause undue delay or prejudice to the original parties in this action. When this conclusion is coupled with the fact that these applications are timely, the court sees no reason to deny these requests. Accordingly, in the exercise of its discretion, the court grants the Municipal Intervenors' and the HWTC's motions for permissive intervention pursuant to Rule 24(b)(2).

### 2. Intervention of Right

Having granted the Municipal Intervenors' and the HWTC's motions for permissive intervention, there is no need for the court to decide whether or not these applicants are entitled to intervention of right pursuant to Rule 24(a)(2). Accordingly, the court declines to reach this issue.

## B. Defendant's Motion to Dismiss

Defendant seeks to have plaintiffs' complaint and the intervenors' proposed complaints dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) or, in the alternative, for failure to state a claim pursuant to Rule 12(b)(6).[2] The court will discuss each of these issues in turn.

### 1. Subject Matter Jurisdiction

Defendant contends that this court should dismiss this action for lack of subject matter jurisdiction because plaintiffs, as well as the intervenors, lack standing to maintain this suit. Recently, the Supreme Court reaffirmed its position regarding standing:

> [t]he irreducible constitutional minimum of standing contains three elements: *First*, the plaintiff must have suffered an "injury in fact"—an invasion of a legally-protected interest which is (a) concrete and particularized, . . . and (b) "actual or imminent, not 'conjectural' or 'hypothetical,'" . . . *Second*, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." . . . *Third*, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." . . .

*Lujan v. Defenders of Wildlife*, —— U.S. ——, ——, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351, 364 (1992) (citations omitted) (emphasis added).

The plaintiff bears the burden of establishing these elements. *See id.* (citing *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231, 110 S.Ct. 596, 608, 107 L.Ed.2d 603 (1990); (other citation omitted)). Furthermore, because all of these elements are an indispensable part of the plaintiff's case, they must be supported with the manner and degree of evidence required at each successive stage of the litigation. *See id.* (citing *Lujan v. National Wildlife Fed'n*, 497

U.S. 871, 883–89, 110 S.Ct. 3177, 3183–89, 111 L.Ed.2d 695, 696 (1990); (other citation omitted)). With respect to the injury in fact element, at the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice. *See id.* —— U.S. at ——, 112 S.Ct. at 2137, 119 L.Ed.2d at 364. This is so because on a motion to dismiss, the court "[p]resumes that general allegations embrace those specific facts that are necessary to support the claim." *Id.* (quoting *National Wildlife Fed'n*, 497 U.S. at 889, 110 S.Ct. at 3189, 111 L.Ed.2d at 696).

In this case, defendant claims that plaintiffs have failed to establish both the "injury in fact" as well as the "redressability" elements of standing required to maintain an action in this court. The court does not agree. In their complaint, plaintiffs allege that defendant's failure to withhold Superfund monies from certain states whose CAPS have failed to assure adequate capacity as required by 42 U.S.C. § 9604(c)(9) "[h]as caused, and will continue to cause, actual and threatened harm to New York's welfare. Absent development of land disposal capacity in the Northeast and elsewhere, New York will continue to bear a disproportionate burden for hazardous waste disposal . . . to its citizens' detriment." *See* Plaintiffs' Complaint at ¶ 47. Plaintiffs also allege that this injury can be redressed by, *inter alia*, this court requiring the EPA to exercise its mandatory duty to withhold Superfund monies from states that do not assure adequate capacity. *See* Plaintiffs' Complaint at WHEREFORE clause, ¶ 2.

Similarly, the HWTC sets forth the alleged injury its members have suffered in paragraph 50 of its proposed complaint. In pertinent part, the HWTC states that "[t]he failure of the Northeast States to assure capacity by granting the necessary approvals has caused harm to HWTC member companies, including lost investment and revenues, and has prevented HWTC member companies from providing the technologies and services needed by their custom-

---

**2.** Defendant invites the court to convert its motion to dismiss for failure to state a claim to a motion for summary judgment. Given the early stages of this litigation and the lack of any significant discovery, the court declines this invitation.

ers for compliance with Federal law." *See* HWTC Proposed Complaint at ¶ 50. In addition, the HWTC alleges the same type of redressability as plaintiffs. Although somewhat confusing, when its proposed complaint is read as a whole, it appears that the HWTC's argument is that if the court required defendant to exercise its mandatory duty and withhold Superfund monies from states whose CAPs are inadequate, the states would, in turn, be more willing to issue permits to HWTC members to build and operate hazardous waste treatment facilities.

■ Finally, the Municipal Intervenors allege that the EPA's failure to comply with section 9604(c)(9) has caused, and will continue to cause, actual and threatened harm to them. More specifically, these intervenors contend that "[a]bsent development of land disposal capacity and other means of disposing of hazardous waste in the Northeast and elsewhere, the Municipal Intervenors will continue to bear a disproportionate burden of hazardous waste disposal." *See* Municipal Intervenors' Proposed Complaint at ¶ 31. In addition, paragraphs 40–42 of their proposed complaint set forth allegations of more particularized injury to the Municipal Intervenors and their citizens. Finally, the Municipal Intervenors allege the same kind of redressability as plaintiffs and the HWTC.

After reviewing these pleadings in their entirety, the court concludes that plaintiffs', as well as the intervenors', allegations establish both injury in fact and redressability sufficient to satisfy the requirements for standing at least for purposes of this stage of the litigation. Accordingly, the court denies defendant's motion to dismiss this action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

### 2. Failure to State a Claim

Defendant contends that even if plaintiffs and the intervenors have standing, this action should be dismissed because their pleadings fail to state a claim upon which relief can be granted. When considering a motion to dismiss pursuant to Rule 12(b)(6), the court is concerned only with the sufficiency of the complaint. In approving the sufficiency of the complaint, the court is mindful of "[t]he accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80, 84 (1957). Furthermore, in making this evaluation, the court must read the complaint with great generosity and must "determine whether the facts set forth justify taking jurisdiction on grounds other than those most artistically pleaded." *Yoder v. Orthomolecular Nutrition Inst., Inc.,* 751 F.2d 555, 558 (2d Cir.1985). With these guidelines in mind, the court must determine whether or not plaintiffs' complaint and the intervenors' proposed complaints are sufficient to withstand defendant's motion to dismiss. Since each of the pleadings in question presents slightly different issues for the court, the court will discuss each of them in turn.

#### a. Plaintiffs' Complaint

■ Plaintiffs commenced this suit pursuant to 42 U.S.C. § 9659 to compel defendant to perform his non-discretionary duty under 42 U.S.C. § 9604(c)(9). *See* Plaintiffs' Complaint at ¶ 1. In addition, plaintiffs allege that this court has subject matter jurisdiction over their claims pursuant to 28 U.S.C. §§ 1331 (federal question), 1346(a)(2) (United States as defendant), 1361 (action to compel an officer of the United States to perform her duty), 2201 (creation of remedy), and 2202 (further relief). *See* Plaintiffs' Complaint at ¶ 6. In pertinent part, 42 U.S.C. § 9659 provides that

[a]ny person may commence a civil action on his own behalf—

(2) against the President or any other officer of the United States (including the Administrator of the Environmental Protection Agency and the Administrator of the ATSDR) where there is alleged a *failure* of the President or of such other officer *to perform any act or duty under this chapter,* including an act or

duty under section 9620 of this title . . ., *which is not discretionary* with the president or such other officer.

42 U.S.C. § 9659(a) (West 1992 Supp.) (emphasis added).

In the present case, plaintiffs allege that the EPA has failed to perform its non-discretionary duty under section 9604(c)(9). Pursuant to section 9604(c)(9), the EPA

[s]hall not provide any remedial actions pursuant to this section to a State *unless* the State in which the release occurs first enters into a contract or cooperative agreement with the [EPA] providing assurances *deemed adequate by [the EPA]* that the State will assure the availability of hazardous waste treatment or disposal facilities which—

(A) have adequate capacity for the destruction, treatment, or secure disposition of all hazardous wastes that are reasonably expected to be generated within the State during the 20-year period following the date of such contract or cooperative agreement and to be disposed of, treated, or destroyed,

(B) are within the State or outside the State in accordance with an interstate agreement or regional agreement or authority,

(C) are acceptable to the President, and

(D) are in compliance with the requirements of subtitle C of the Solid Waste Disposal Act [42 U.S.C.A. § 6921 et seq.]

42 U.S.C. § 9604(c)(9) (West 1992 Supp.) (emphasis added).

Plaintiffs contend that by its own admissions the EPA continues to provide monies to states which the EPA has determined do not have adequate availability of facilities in derogation of its mandatory duty to withhold such funds. *See* Plaintiffs' Memorandum of Law at 34. Keeping in mind that this is a motion to dismiss, the court concludes that plaintiffs' allegations are sufficient to maintain a cause of action under sections 9659 and 9604(c)(9). The court, however, notes its concern about whether plaintiffs, upon further discovery, will be able to present sufficient evidence to withstand a motion for summary judgment.

### b. HWTC's Proposed Complaint

 Although the HWTC's proposed complaint is premised on the same jurisdictional bases as plaintiffs' complaint, its causes of action more specifically address the EPA's approval of certain states' Capacity Assurance Plans ("CAPs"). In this regard, the HWTC alleges that the EPA violated section 9604(c)(9) by approving the CAPs of certain states even though these plans fail to assure the availability of adequate capacity for all hazardous wastes generated in these states. *See* HWTC's Proposed Complaint at ¶¶ 52, 61, 70, 79. Moreover, the HWTC alleges that the EPA's approval of these plans was arbitrary, capricious and an abuse of discretion. *See id.*

Although section 9659 provides for a suit to challenge the non-discretionary duties of the EPA, it does not provide a basis to challenge the EPA's discretionary functions. Such a challenge must be brought pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 551–559, 701–706. Nevertheless, keeping in mind that a court should not dismiss a complaint for a failure to artistically plead the proper jurisdictional basis if the facts alleged justify taking jurisdiction, the court denies defendant's motion to dismiss the HWTC's proposed complaint. *See Yoder,* 751 F.2d at 558. In this regard, however, the court cautions the HWTC that it would be well-advised to correct this problem with its proposed complaint as soon as possible. Furthermore, as it stated above with respect to plaintiffs, the court has serious concerns about whether the HWTC, upon further discovery, will be able to present sufficient evidence to withstand a motion for summary judgment.

### c. Municipal Intervenors' Proposed Complaint

 In addition to relying on section 9659 as a jurisdictional basis for their complaint, the Municipal Intervenors invoke the jurisdiction of this court to review the EPA's discretionary decision-making functions pursuant to the Administrative Procedures Act. In their first cause of action, these intervenors allege that "[d]efendant

has violated CERCLA section 104(c)(9) [section 9604(c)(9)] by funding remedial actions in states which have failed since October 17, 1989 to assure the availability of adequate land disposal and other capacity for hazardous waste generated within their borders for the succeeding twenty years." *See* Municipal Intervenors' Proposed Complaint at ¶ 49. The court concludes that this allegation is sufficient to maintain a cause of action pursuant to section 9659 because it challenges the EPA's non-discretionary duty.

Furthermore, in their second cause of action, the Municipal Intervenors allege that "the defendant abused his discretion and acted arbitrarily and capriciously and contrary to law by failing to stop remedial payments to states that did not assure capacity as required by CERCLA." *See* Municipal Intervenors' Proposed Complaint at ¶ 51. The court concludes that this allegation is sufficient to sustain a cause of action brought pursuant to the Administrative Procedure Act. Based on these conclusions, the court denies defendant's motion to dismiss the Municipal Intervenors' proposed complaint for failure to state a claim pursuant to Rule 12(b)(6). Nevertheless, the court cautions these intervenors, as it did plaintiffs and the HWTC, that the court has serious reservations about whether, upon further discovery, they will be able to present sufficient evidence to withstand a motion for summary judgment.

## CONCLUSION

For the reasons stated above, the court grants the motions of the HWTC and the Municipal Intervenors for permissive intervention pursuant to Rule 24(b)(2). In addition, the court concludes that the plaintiffs and the intervenors have standing to maintain this suit. Therefore, the court denies defendant's motion to dismiss the plaintiffs' complaint and the intervenors' proposed complaints for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Finally, the court denies defendant's motion to dismiss these same pleadings for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

IT IS SO ORDERED.