**William GREKLEK et al.,**
**Plaintiffs-Appellees,**

v.

**Philip L. TOIA et al.,**
**Defendants-Appellants.**

**Nos. 545, 546, Dockets 77–7558, 77–7559.**

United States Court of Appeals,
Second Circuit.

Argued Nov. 21, 1977.

Decided Nov. 28, 1977.

---

12. *Id.* Rule 1(b).

Robert S. Hammer, Asst. Atty. Gen., New York City (Louis J. Lefkowitz, Atty. Gen. of N. Y., Irving Galt, Asst. Atty. Gen., Gale D. Berg, Sp. Deputy Asst. Atty. Gen., of counsel), for the State defendants-appellants.

Rene H. Reixach, Jr., Atty., Greater Up-State Law Project, Rochester, N. Y., for the plaintiffs-appellees.

Before FEINBERG, MANSFIELD and VAN GRAAFEILAND, Circuit Judges.

PER CURIAM:

Appellants, state and county officials of the Department of Social Services of the State of New York, appeal from a decision by the United States District Court for the Northern District of New York, Edmund Port, J., enjoining them from continuing to deny the class of so-called "medically needy"[1] persons the same deductions for work expenses in calculating net income as are permitted to applicants for Aid to Families with Dependent Children (AFDC). The judge also held that this procedure violated the Social Security Act and relevant federal regulations, and required that plaintiff class members be notified of their right to a recomputation of medical benefits due. Because of the urgency of the matter, Judge Port dictated his opinion in open court, but stayed his order for a short period to allow a prompt appeal. We continued the stay and expedited the appeal. Because we conclude that appellants' challenges to the decision of the district court have no merit, we affirm.[2]

Appellants argue first that the district court lacked jurisdiction because plaintiffs' statutory claims did not meet the $10,000 jurisdictional threshold of 28 U.S.C. § 1331 and pendent jurisdiction over these claims was not justified. The district court accepted pendent jurisdiction on the theory that plaintiffs also presented a constitutional claim substantial enough to confer jurisdiction. That constitutional question turned on whether New York's disparate treatment of two classes of potential Medicaid recipients violated the Equal Protection Clause of the Fourteenth Amendment. The State treats the members of the two classes differently in terms of the extent to which it disregards their work-related expenses in determining whether their available income is low enough to entitle them to medical assistance.[3]

---

1. As defined in 42 C.F.R. § 448.1(a)(2)(i), "[a]n individual is considered to be medically needy if he has income and resources which exceed the amount of income and resources allowed to the categorically needy but which are insufficient to meet the costs of necessary medical and remedial care and services." The "categorically needy" are persons eligible for public assistance under the AFDC or Supplemental Security Income programs. Id. § 448.1(a)(1)(i). (These citations, and those to federal regulations elsewhere in this opinion, reflect a recent transfer of certain sections of 45 C.F.R. dealing with medical assistance programs to 42 C.F.R. See 42 Fed.Reg. 52826–27 (1977)).

2. Appellees' motion to dismiss the appeal of appellant Russo, Commissioner of the Monroe County Department of Social Services, is denied.

3. New York deducts work-related expenses in computing the gross earnings of AFDC recipients for purposes of determining the amount of support to which they are entitled. 18 N.Y.C.

We agree with the district court that this question was substantial enough to confer jurisdiction under the standard set forth in *Hagans v. Lavine,* 415 U.S. 528, 534–43, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974). We have recently construed closely analogous claims as sufficient to vest jurisdiction under 28 U.S.C. § 1343(3). *Friedman v. Berger,* 547 F.2d 724, 727 n.6 (2d Cir. 1976), cert. denied, 430 U.S. 984, 97 S.Ct. 1681, 52 L.Ed.2d 328 (1977); *Aitchison v. Berger,* 404 F.Supp. 1137, 1142–43 (S.D.N.Y.1975), aff'd, 538 F.2d 307 (2d Cir.), cert. denied, 429 U.S. 890, 97 S.Ct. 246, 50 L.Ed.2d 172 (1976). Cf. *Andrews v. Maher,* 525 F.2d 113, 116 (2d Cir. 1975). Appellants urge us to reexamine these holdings in light of the Supreme Court's determination in *Maher v. Roe,* 432 U.S. 464, 97 S.Ct. 2376, 53 L.Ed.2d 484 (1977), that the provision of Medicaid for childbirth but not for elective abortions is constitutionally permissible. However, the principal state interests invoked to sustain the Medicaid-related classification at issue in *Maher* are not relevant to the instant case. Appellees' constitutional claim clearly meets the liberal standard established in *Hagans v. Lavine,* supra, 415 U.S. at 539, 94 S.Ct. at 1380, since "we cannot say that the equal protection issue tendered by the complaint was either frivolous or so insubstantial as to be beyond the jurisdiction of the District Court." Therefore, the district court also had jurisdiction over plaintiffs' statutory or Supremacy Clause claims.

■ Appellants also assert that the district court improperly certified plaintiffs' class. We find no abuse of discretion, since only class certification could avert the substantial possibility of the litigation becoming moot prior to decision. That very de-velopment, we are told, prevented an earlier adjudication of the same issues involved here [4] from averting the necessity for this action.

■ Finally, appellants argue that the district court's decision was wrong on the merits, since the challenged state procedures are in fact not in conflict with federal law. We disagree, given the requirement of subsections (10)(C)(i) and (17)(B) of 42 U.S.C. § 1396a(a) that the "medically needy" be treated the same as AFDC applicants with respect to income disregarded for purposes of ascertaining eligibility. See also 42 C.F.R. § 448.3(c)(3)(i). The State concedes that it is currently applying different standards to the two groups, allowing individual AFDC applicants to deduct all work-related expenses while remitting the medically needy to an inflexible schedule of "minimum exemptions." [5] The district court properly found this practice irreconcilable with the federal requirements.

Judgment affirmed. The mandate shall issue two weeks from today to allow appellants a further brief period in which to apply to the Supreme Court for a stay.

---

R.R. 352.19(a). However, the "medically needy" are permitted no such deductions; for them, a schedule of "minimum exemptions" has been established. To become eligible for medical benefits, the "medically needy" must exhaust, on medical expenses, the difference between their net incomes and the applicable "exemption." The exemptions vary according to the size of a household. New York Social Services Law § 366.2(a)(8).

4. *Newborn v. Toia,* 391 N.Y.S.2d 786 (Sup.Ct. Kings Co. 1976).

5. See note 3 supra. Appellants argue, and appellees vigorously deny, that these exemptions have been adjusted upward to allow for retention of amounts sufficient to provide for work-related expenses. Appellees are buttressed by two letters from HEW administrators, which advised the State that its treatment of the "medically needy" did not comply with federal standards. In any event, we are satisfied that the State's use of a dual system to determine Medicaid eligibility violates the core statutory and regulatory requirement that the groups involved be treated the same in this respect.