Kenneth CALKINS, et al.,
Plaintiffs-Appellees-Cross-Appellants,

Curtise Williams, et al., Plaintiffs-Intervenors-Cross-Appellants-Appellees,

v.

Barbara B. BLUM, Individually and as Commissioner of the New York State Dept. of Social Services, et al., Defendants-Appellants-Cross-Appellees.

Phyllis COREY, Plaintiff-Appellee,

v.

Barbara BLUM, as Commissioner of the New York State Department of Social Services, Defendant-Appellant.

Nos. 178, 414, 197 and 179, Dockets 81–7218, 81–7276, 81–7278 and 81–7214.

United States Court of Appeals, Second Circuit.

Argued Nov. 18, 1981.

Decided March 18, 1982.

Alan W. Rubenstein, Asst. Atty. Gen., Albany, N.Y. (Robert Abrams, Atty. Gen. of State of N.Y., William J. Kogan, Asst. Sol. Gen., Albany, N.Y., on brief), for defendant-appellant-cross-appellee State Com'r of Social Services.

James H. Hughes, Syracuse, N.Y. (Ira S. Dubnoff, Syracuse, N.Y., on brief), for defendant-appellant-cross-appellee John L. Lascaris.

Rene H. Reixach, Rochester, N.Y. (Maurie Heins, Syracuse, N.Y., Paul M. Ryther, Bath, N.Y., Raymond Rodriguez, Batavia, N.Y., on brief), for plaintiffs-appellees-cross-appellants Kenneth Calkins, et al.

Cornell Legal Aid Clinic, Barry Strom, Strom, Masson & Pozner, Ithaca, N.Y., on brief (Sharon Brautigam, law student, of counsel), for plaintiff-appellee Phyllis Corey.

Before TIMBERS and NEWMAN, Circuit Judges, and ZAMPANO,* District Judge.

PER CURIAM:

In these related appeals, plaintiffs challenge the administration of New York's

---

* The Honorable Robert C. Zampano of the United States District Court for the District of Connecticut, sitting by designation.

Medicaid program during the time period prior to New York's conversion to a "209b" plan, 42 U.S.C. § 1396a(f) (1976), on August 29, 1980 and prior to the changes in the Medicaid statute enacted by the Omnibus Reconciliation Act of 1981, Pub.L.No.97–35. Under the Medicaid statute in effect during this period, 42 U.S.C. §§ 1396–1396k, states choosing to participate had to provide medical assistance to the "categorically needy"— those aged, blind, or disabled individuals and families qualifying for federal cash assistance under the Supplemental Security Income (SSI) program, 42 U.S.C. §§ 1381–1383, or under the Aid to Families with Dependent Children (AFDC) program, 42 U.S.C. §§ 601–644. In addition, states could choose, as New York did to provide medical assistance to the "medically needy" —those aged, blind, or disabled individuals and families, who would qualify for SSI and AFDC benefits if their incomes were lower. 42 U.S.C. § 1396a(a)(10)(C) (1976) (repealed). The group of medically needy thus includes those who are "SSI medically needy" and those who are "AFDC medically needy." But states choosing to aid the medically needy had to treat such recipients "comparabl[y]" to categorically needy recipients. 42 U.S.C. § 1396a(a)(10)(C) (1976) (repealed); *id.* § 1396a(a)(17); *Caldwell v. Blum*, 621 F.2d 491 (2d Cir. 1980), *cert. denied*, 452 U.S. 909, 101 S.Ct. 3039, 69 L.Ed.2d 412 (1981); *Greklek v. Toia*, 565 F.2d 1259 (2d Cir. 1977) (*per curiam*), *cert. denied*, 436 U.S. 962, 98 S.Ct. 3081, 57 L.Ed.2d 1128 (1978); *Aitchison v. Berger*, 404 F.Supp. 1137 (S.D.N.Y.1975), *aff'd without opinion*, 538 F.2d 307 (2d Cir.), *cert. denied*, 429 U.S. 890, 97 S.Ct. 246, 50 L.Ed.2d 172 (1976).

 This comparability requirement is at the center of the controversy in the action before us. Plaintiffs claim that New York violated this requirement, as to SSI medically needy, by failing to apply SSI income disregards to the earned income of ineligible spouses of the SSI medically needy and, as to AFDC medically needy, by counting the income and presence of an SSI medically needy spouse or parent residing with an AFDC medically needy recipient. Plaintiffs also contend that medically needy persons who qualify as both AFDC and SSI medically needy persons should have been given a choice as to the category under which they wished to have their benefits computed. The District Court for the Northern District of New York (Howard G. Munson, *Chief Judge*) granted summary judgment to the plaintiffs on their claim regarding income disregards in eligibility determinations of the SSI medically needy and also on the choice of category claim.[1] Defendants' motion for summary judgment was granted with respect to the plaintiffs' claim made on behalf of the AFDC medically needy. Both sides have appealed the rulings adverse to their positions. We have carefully considered all the arguments put forth by the various parties and we affirm for the reasons set forth in the thorough opinion of the District Court, which is reported at 511 F.Supp. 1073.[2]

---

1. The District Court dismissed without prejudice any claims plaintiffs might have under either of these theories for the period after conversion to a "209b" plan. 511 F.Supp. at 1081–82 & n.6. We therefore do not consider on this appeal the significance of the Southern District of New York's recent decision regarding the validity of New York's conversion, *Morabito v. Blum*, 528 F.Supp. 252 (1981).

2. We agree with the District Court that the County Commissioner defendants have no immunity from liability in their official capacities for payment of welfare benefits due plaintiffs under the law. 511 F.Supp. at 1100–01; *Holley v. Lavine*, 605 F.2d 638, 648 (2d Cir. 1979), *cert. denied*, 446 U.S. 913, 100 S.Ct. 1843, 64 L.Ed.2d 266 (1980); *Duchesne v. Sugarman*, 566 F.2d 817, 830–31 (2d Cir. 1977). An action for damages against a County Commissioner in his official capacity is in essence an action against the County. *See Familias Unidas v. Briscoe*, 619 F.2d 391, 403 (5th Cir. 1980); *Monell v. Department of Social Services*, 532 F.2d 259, 264–66 (2d Cir. 1976), *rev'd but approved on this point*, 436 U.S. 658, 690 n.55, 98 S.Ct. 2018, 2035 n.55, 56 L.Ed.2d 611 (1978); *cf. Sundry African Slaves v. Madrazo*, 26 U.S. (1 Pet.) 110, 121–22, 7 L.Ed. 73 (1828). Since the County would not have a good faith immunity defense, *Owen v. City of Independence*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980), neither does a County Commissioner in a suit brought against him in his official capacity. *See Universal Amusement Co. v. Hofheinz*, 646 F.2d 996 (5th Cir. 1981); *Familias Unidas v. Briscoe*,

Judgments affirmed. The motion under 42 U.S.C. § 1988 for an award of attorney's fees on the appeal is remanded for determination of an appropriate amount by the District Court. *Cf. Holley v. Lavine*, 553 F.2d 845, 851 (2d Cir. 1976), *cert. denied*, 435 U.S. 947, 98 S.Ct. 1532, 55 L.Ed.2d 545 (1978).

*supra*, 619 F.2d at 403 & n.12. At oral argument, plaintiffs acknowledged that they were not seeking to hold the County Commissioner defendants personally liable for the welfare benefits in their individual capacities. To whatever extent Judge Munson's opinion might be read to uphold liability of these defendants in their individual capacities, it deals with a dispute that is moot, and therefore, to whatever extent the judgment may have upheld such liability, it is vacated. Whether these defendants would have a good faith defense to liability in their individual capacities is no longer an issue in this case.