Nancy **PROFFIT**, et al., Plaintiffs,

v.

Ray **SORRELL**, et al. Defendants.

**Civ. A. No. 88–0059–R.**

United States District Court,
E.D. Virginia,
Richmond Division.

Aug. 29, 1988.

Martin Wegbreit, Client Centered Legal Services of Southwest Va., Inc., Castle-

wood, Va., William L. Botts, III, Rappahannock Legal Services, Inc., Fredericksburg, Va., Jill A. Hanken, Va. Poverty Law Center, Richmond, Va., for plaintiffs.

Mary Sue Terry, Atty. Gen. of Virginia, Roger L. Chaffe, Pamela M. Reed, Virginia R. Manhard, Office of the Atty. Gen., G. Wingate Grant, Asst. U.S. Atty., U.S. Attorney's Office, Richmond, Va., for defendants.

## MEMORANDUM OPINION

RICHARD L. WILLIAMS, District Judge.

This matter is before the Court on the defendants' motion for judgment on the pleadings or, in the alternative, summary judgment, pursuant to Fed.Rule of Civ.P. 12(c) and 56(b) and the plaintiffs' motion for summary judgment pursuant to Fed.R. Civ.P. 56(a).

In this action Nancy Proffit, individually and on behalf of all others similarly situated, challenges the state and federal governments' application of Aid to Families with Dependent Children ("AFDC") statute's "lump sum" rule to the determination of Medicaid benefits for caretaker relatives. Under the lump sum rule, any lump sum received by the AFDC family is counted as income. The lump sum and other income is divided by an amount determined to be the family's "monthly standard of need." The resulting quotient represents the number of months of disqualification from AFDC benefits, and, under Virginia's rules, Medicaid benefits. The plaintiff contends that application of the lump sum rule to Medicaid benefits violates Title XIX of the Social Security Act, 42 U.S.C. §§ 1396, et seq, ("the Medicaid Act"). Consequently, she has sued for injunctive relief pursuant to 42 U.S.C. § 1983.

Upon agreement of the parties and the order of this Court, Caroline Sue Arwood has intervened on behalf of herself and the class of plaintiffs Ms. Proffit claims to represent. Ms. Proffit is barred by the two year statute of limitation in pursuing her claim. Consequently, she is dismissed as party to this action, and Ms. Arwood is substituted in her stead.

The facts in this matter are undisputed. In 1987, Caroline Arwood's daughter, Carmen Slate, received a lump sum of $14,000 in settlement of a personal injury lawsuit. This amount was deposited with the General Receiver of the Circuit Court of Washington County in trust for Carmen Slate until she reached the age of 18 or upon further order of the court. At the time of the settlement, Ms. Arwood and her daughter received AFDC and Medicaid benefits from the Russell County Department of Social Services, the amount of the AFDC being $207.00 per month.

In April 1987, Ms. Arwood requested $4,000 of the lump sum settlement and the Washington County Circuit Court disbursed that amount to her. She reported this amount to the Russell County Department of Social Services. The Russell County Department of Social Services informed Ms. Arwood that as a consequence of receipt of this sum, she and her family would be terminated from AFDC and Medicaid for a period of 17.46 months or from April 1987 through part of September 1988. By October 1987, however, Ms. Arwood and her family had spent the $4,000 on a 1981 Mercury Lynx, furniture, clothing, car insurance and title and tags, old debts and normal living expenses.

Ms. Arwood suffers from back, heart, and lung ailments, but has not sought medical care because she lacks the financial resources to pay for such services. Carmen Slate, however, can continue to receive Medicaid benefits. Under a provision that provides aid to "medically-needy, AFDC related" children, the State could determine that the child is eligible for benefits. 42 C.F.R. Part 435, Subpart D. Here, Ms. Arwood challenges her original exclusion from Medicaid benefits.

Title XIX of the Social Security Act, 42 U.S.C. §§ 1396, et seq. provides for the establishment of a program, commonly known as Medicaid, which makes federal financial assistance available to states electing to furnish medical services to certain needy individuals in accordance with

the requirements of other provisions of the Medicaid Act. States which choose to participate must operate in accordance with a State Plan for Medical Assistance approved by the Secretary of Health and Human Services ("the Secretary") pursuant to 42 U.S.C. § 1396a. Participating states must also designate a single state agency, in this case the Virginia Department of Medical Assistance Services (DMAS), to administer the program. 42 U.S.C. § 1396a(a)(5). DMAS is responsible for promulgating the regulations necessary for determining Medicaid eligibility in conformity with the Medicaid Act.

States which choose to participate in the program *must* provide Medicaid coverage to all persons receiving cash assistance under the state's AFDC program, including parents and caretakers, whose needs are included in determining the amount of the AFDC payment, or, in other words, all those who qualify as categorically needy." 42 U.S.C. § 1396a(a)(10)(A). "Categorically needy" are "aged, blind or disabled individuals or families and children (1) who are otherwise eligible for Medicaid and who meet the financial eligibility requirements for AFDC, SSI [supplemental security income], or an optional State supplement or are considered under 1619(b) of the Act to be SSI recipients; or (2) whose categorical eligibility is protected by statute." 42 C.F.R. § 435.4. Hence, if an individual qualifies for AFDC, the state *must* also provide Medicaid.

Individuals are financially eligible for AFDC if their income and resources, as calculated under AFDC statutory provisions, fall below levels established by the AFDC program. Under the program, whenever a member of an AFDC family has received a nonrecurring lump sum payment from any source, the program imposes a period of prospective ineligibility for AFDC benefits. 42 U.S.C. § 602(a)(17); 45 C.F.R. § 233(a)(3)(ii)(F). In essence, under the rule, the lump sum payment becomes the family's AFDC grant for a prescribed period. Here, Ms. Arwood and child became ineligible for 17.46 months.

The Medicaid Act makes certain exceptions to the lump sum rule. For example, the Secretary specifically requires that in the application of the AFDC lump sum rule to Medicaid recipients, an ineligible recipient's lump sum must be reduced by the amount of her medical expenses. Medicaid Policy Manual § 3627. Here, Ms. Arwood apparently did not need to apply her daughter's lump sum award to any medical expenses related to the accident.

Additionally, there are other instances where the state may, at its option, provide Medicaid to the "medically needy." 42 U.S.C. § 1396a(a)(10). "Medically needy" are those persons who, but for some type of income or resource, *e.g.* a lump sum personal injury award, would qualify for AFDC (mandatory or "categorical" assistance) and who, according to state standards, are unable to pay their medical bills. 42 C.F.R. § 435.4. In utilizing this option, the state may also limit coverage to certain groups within the "medically needy" category. 42 C.F.R. § 435, Subpart D. For example, Virginia has chosen to provide Medicaid for "medically needy" children but not for their caretaker relatives (unless the caretaker relative is pregnant). It is this choice that the plaintiff complains of.

There is one other instance where the state *must* provide Medicaid benefits: The state must provide Medicaid benefits to persons who become ineligible for AFDC solely because of "an eligibility requirement used in that program that is specifically prohibited under Title XIX [the Medicaid Act]." 42 C.F.R. § 435.113.

The plaintiff claims that application of the lump sum rule to Medicaid is "specifically prohibited" by 42 U.S.C. § 1396a(a)(17)(B). That provision provides that a state must include reasonable standards in their State Plans to "provide for taking into account only such income and resources as are, determined in accordance with the standards prescribed by the Secretary, available to the applicant or recipient ..." 42 U.S.C. § 1396a(a)(17)(B). The Secretary considers income, including lump sum income, "available" under the AFDC program, and hence Medicaid, if it is either

"actually available" or because the applicant "has a legal interest and has the legal ability to make such sum available for support and maintenance." 45 C.F.R. § 233.20(a)(3)(ii)(D).

Ms. Arwood objects to the Secretary's definition of "available." She argues that since the portion of the lump sum has been spent, the funds are not "available." She no longer has control or legal entitlement to the funds. When the original decision was made to terminate Ms. Arwood's Medicaid benefits, however, she did have these funds available.

The essence of Ms. Arwood's complaint is that the prospective disqualification allowed by the AFDC lump sum rule is inapplicable to Medicaid. Her argument is logical. A lump sum can easily substitute for AFDC since a family can anticipate its monthly living expenses and maintain a budget within the confines of the lump sum award. Medical needs, however, are less predictable. The family cannot foresee when someone will become seriously ill or require an operation. Therefore, it seems illogical to assume that because a lump sum provides enough for a family to survive without AFDC, it also provides enough to cover the family's medical expenses during the period of disqualification. The need for AFDC and Medicaid are not always causally linked.

The statutes, however, make the assumption that the two forms of aid are intrinsically linked. Medicaid eligibility, with a few exceptions, is entirely derivative from one's AFDC eligibility. To qualify for mandatory Medicaid, one must first qualify for mandatory AFDC. 42 U.S.C. § 1396a(a)(17)(B) provides that "[a] State plan for medical assistance must ... provide for taking into account only such income and resources as are, *as determined in accordance with standards prescribed by the Secretary*, available to the applicant or recipient ..." [emphasis added]. The

standards are those concerning AFDC eligibility. There are no separate standards for Medicaid eligibility. Under the Secretary's standards set forth at 45 C.F.R. § 233(a)(ii)(F), a personal injury lump sum award is considered an available resource.[1] Since with few exceptions (none of which are applicable here), one cannot qualify for Medicaid without qualifying for AFDC, the lump sum disqualifies Ms. Arwood from both prospectively.

Ms. Arwood argues that her eligibility should not be derivative in this instance even if the Secretary's definition of "available" is an acceptable criteria. She relies on several examples of exceptions to the derivative nature of Medicaid qualification. First is the exception to "medically needy" children under which Ms. Arwood's child could qualify for benefits. Ms. Arwood contends that eligibility for this benefit is made entirely within the confines of Title XIX, the Medicaid Act. Ms. Arwood misinterprets this exception. To qualify for the Virginia's aid to "medically needed" children, the applicant must first demonstrate that but for some resource, like a lump sum, the family would qualify for AFDC and is hence "needy." Thus, even this exception depends upon qualifying for AFDC. Virginia, under this program, could provide aid to adults who likewise would qualify for Medicaid but for a lump sum award; however, the Commonwealth has made an executive decision not to provide such benefits.

Similarly, other examples relied on by the plaintiff reflect either an explicit executive or legislative decision. For example, the plaintiff notes that when an AFDC family receives a wage increase that makes them ineligible for AFDC, the family remains on Medicaid for four months. 42 C.F.R. § 435.112. This exception was created by the Secretary.

---

1. Virginia's inclusion of personal injury awards in lump sum calculations was upheld by the Supreme Court in *Lukhard v. Reed,* —— U.S. ——, 107 S.Ct. 1807, 95 L.Ed.2d 328 (1987). In this respect, Ms. Arwood's claim is distinguishable from the plaintiff's challenge in *Randall v.*

*Lukhard,* 709 F.2d 257, *aff'd in part, rev'd in part on rehearing en banc,* 729 F.2d 966 (4th Cir.1984). There, the Court held that assets transferred at less than fair market value could not be deemed "available."

A second example relied on by the plaintiff is the "deeming" of income. Under AFDC, a grandparent's income could be deemed to a child in the AFDC assistance unit. However, this same deeming is not permitted under Medicaid. Only a parent's income can be deemed to a child. This prohibition depends entirely on 42 U.S.C. § 1396a(a)(17)(D). This provision is a specific statutory exclusion; hence it fits within 42 C.F.R. § 435.113: "The agency must provide Medicaid to individuals who would be eligible for AFDC except for an eligibility requirement used in that program that is *specifically prohibited* under Title XIX." (emphasis added). Section 1396a(a)(17)(D) as interpreted by *Malloy v. Eichler*, 628 F.Supp. 582 (D.Del.1986); *Olson v. Normon*, 830 F.2d 811 (8th Cir.1987), and *Reed v. Blinzinger*, 639 F.Supp. 130 (S.D.Ind. 1986) "specifically prohibits" deeming of income as allowed under AFDC.

The plaintiff has not, and cannot, point to any specific Title XIX provision that prohibits the inclusion of lump sum awards in determining Medicaid eligibility. Her argument that the Secretary's interpretation of "available" is wrong cannot carry the day. "[T]he Secretary's definition of the term 'available' is 'entitled to more than mere deference or weight.' Rather the Secretary's definition is entitled to 'legislative effect' because 'in a situation of this kind, Congress entrust to the Secretary rather than the courts, the primary responsibility for interpreting the statutory term.' [citations omitted]" *Schweiker v. Gray Panthers*, 453 U.S. 34, 101 S.Ct. 2633, 69 L.Ed. 2d 460 (1981). As unfair as the law may appear, the executive and legislative branches' decision to structure it that way cannot be changed by judicial fiat.

Consequently, the defendants' motion for summary judgment is granted and the plaintiff's motion is denied. Judgment is entered for the defendants.

Let the Clerk send a copy of this memorandum opinion to all counsel of record.

### FINAL ORDER

This matter is before the Court on the defendants' motion for judgment on the pleadings or, in the alternative, summary judgment, pursuant to Fed.Rule of Civ.P. 12(c) and 56(b) and the plaintiffs' motion for summary judgment pursuant to Fed.R. Civ.P. 56(a).

Since neither party nor the Court relies on any materials outside the pleadings, the defendant's motion is properly before the Court pursuant to Fed.R.Civ.P. 12(c).

For the reasons stated in the accompanying memorandum opinion, Nancy Proffit is DISMISSED as the named plaintiff in this matter and Caroline Arwood is substituted in her stead. The defendant's motion for judgment on the pleadings is GRANTED, and the plaintiff's motion for summary judgement is DENIED. Judgment is entered for the defendants and against the plaintiff and the class of plaintiffs she represents. The complaint is dismissed with prejudice.

Let the Clerk send a copy of this final order to all counsel of record.