900 F.2d 254
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Nancy PROFFIT; Caroline Sue Arwood, Plaintiffs-Appellants,
v.
Ray T. SORRELL, Department of Medical Assistance Services;
Larry D. Jackson, Commissioner Va. Department of Social
Services; Louis W. Sullivan, Secretary U.S. Department
Health & Human Services, Defendants-Appellees.
 No. 88-3167.
 United States Court of Appeals, Fourth Circuit.
 Argued: May 8, 1989.
Decided: March 28, 1990.
Rehearing and Rehearing In Banc Denied April 27, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Richard L. Williams, District Judge. (CA-88-0059-R)
 Martin Douglas Wegbreit, Client Centered Legal Services, Castlewood, Va., for appellants.
 Virginia Rose Manhard, Assistant Attorney General, Richmond, Va.; Javier Armando Arrastia, Assistant Regional Counsel, Department of Health and Human Services, Philadelphia, Pa., for appellees.
 Jill Hanken, Virginia Poverty Law Center, Richmond, Va.; Bill Botts, Rappahannock Legal Services, Fredericksurg, Va., for appellants.
 Mary Sue Terry, Attorney General, Roger L. Chaffe, Senior Assistant Attorney General, Pamela M. Reed, Assistant Attorney General, Richmond, Va.; Bevery Dennis, III, Chief Counsel, Department of Health & Human Services, Washington, D.C.; G. Wingate Grant, Assistant United States Attorney, Richmond, Va., for appellees.
 E.D.Va., 693 F.Supp. 435.
 AFFIRMED.
 Before DONALD RUSSELL and WIDENER, Circuit Judges, and TURK, Chief United States District Judge for the Western District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 This case presents a challenge to state and federal application of 42 U.S.C. Secs. 601 et seq., Part A, Title IV of the Social Security Act, the Aid to Families with Dependent Children Statute (AFDC), a joint federal/state cooperative program. The principal question is whether the AFDC's "lump sum" payment rule also applies to the payment of Medicaid benefits to caretaker relatives. Under this lump sum rule, any money, including lump sum payments, received by an AFDC family is counted as income. That income is then divided by a sum deemed to be the family's "monthly standard of need." The resulting quotient represents a period of prospective ineligibility for AFDC payments, measured in months. 42 U.S.C. Sec. 602(a)(17); 45 C.F.R. Sec. 233(a)(3)(ii)(F). The appellant, on behalf of herself and those similarly situated, argues that application of the lump sum rule to Medicaid benefits violates Title XIX of the Social Security Act, 42 U.S.C. Secs. 1396 et seq. (Medicaid). She seeks injunctive relief pursuant to 42 U.S.C. Sec. 1983.
 
 
 2
 Nancy Proffit, a resident of Virginia, originally brought this action in 1988. Because her cause was time barred, Caroline Sue Arwood intervened on behalf of herself and the class of plaintiffs represented by Proffitt. Arwood, also a resident of Virginia, received a lump sum of $14,000 in settlement of a personal injury lawsuit brought on behalf of her minor daughter. At the time of this settlement, Arwood and her daughter received AFDC and Medicaid benefits from the Russell County, Virginia, Department of Social Services (Social Services) in the amount of $207.00 per month. In April of 1987, Arwood petitioned the Washington County Circuit Court for the disbursal of $4,000 of the lump sum settlement, which at the time was held in trust. The court granted this petition, and Arwood reported this amount to Social Services. At that time, Social Services informed Arwood that the receipt of this lump sum would result in the termination of her AFDC and Medicaid payments for a period of 17.46 months, to run from April 1987 through August 1988.
 
 
 3
 Arwood, an individual with a continuing history of medical problems, now challenges her exclusion from Medicaid benefits. The district court, upon motion of the appellees, granted summary judgment in their favor. The district court held that Medicaid eligibility is entirely derivative from one's AFDC eligibility. To qualify for mandatory Medicaid, one must first qualify for mandatory AFDC benefits. There are no separate standards for Medicaid eligibility. Eligibility is guided by those standards set forth for AFDC recipients. See 45 C.F.R. Sec. 233(a)(ii)(F). Therefore, the lump sum payment rule does apply to the receipt of Medicaid benefits. We find the opinion of the district court to be well reasoned and supported. Accordingly, we affirm the judgment based on that opinion. See Proffit v. Sorrell, C/A No. 88-0059-R (E.D.Va. Aug. 29, 1988).
 
 
 4
 AFFIRMED.