PER CURIAM.
Appellant, Lisa Brookens, timely appeals a hearing officer’s determination affirming the Department of Health and Rehabilitative Services’ decision as to her share of cost for participation in the Medicaid program. We affirm.
Robert Brookens, a disabled thirty-one-year-old unemployed male, is married to Lisa Brookens. They have a two-year-old daughter, Jamie. The family’s monthly household income for June and July, 1990, was approximately $559 per month. On February 14, 1990, Robert Brookens received a lump sum of $4,122 in retroactive Social Security disability income. The Department of Health and Rehabilitative Services (HRS) received notification in March, 1990. The money received in February was spent by the end of the month to pay outstanding bills. Mr. Brookens accounted for approximately $3,600 of the $4,122.
HRS applied the lump sum rule to Lisa and Jamie Brookens for five months beginning in March, 1990. The rule is a method of budget calculation used in the Aid to Families with Dependent Children (AFDC) program when an individual receives a lump sum payment which exceeds the monthly income eligibility limit for the program. The lump sum amount is averaged out prospectively from the month it is received, and it is treated as income for the successive months even if not available. The result is temporary disqualification from the AFDC program by using a formula published in the HRS manual.
For a family of three to be eligible under Medicaid’s Medically Needy program, total monthly income after subtracting incurred medical expenses (share of cost) cannot exceed $400. Lisa and Jamie Brookens remained categorically eligible as an AFDC household and thus not disqualified for the Medicaid program; however, application of the lump sum rule required them to meet a higher share of cost, thereby rendering them ineligible for receipt of Medicaid for those five months. If the rule were not applied, they would only be required to “spend down” income for nonmedical expenses before qualifying for Medicaid.
On August 23, 1990, the program hearing officer found that the retroactive disability payment was a lump sum payment, and that Mr. Brookens was a caretaker relative of a Medicaid-eligible family group of three. He then determined that the share of cost should be $904 for June, 1990, and $625 for July, 1990.
Appellant argues that the AFDC lump sum rule should only apply to AFDC recipients and not to AFDC eligibles such as Lisa and Jamie. A state participating in the Medicaid program must provide coverage to the “categorically needy.” 42 U.S.C. § 1396a(a)(10)(A). This includes individuals eligible for cash assistance under either Supplemental Security Income for the Aged, Blind and Disabled (SSI) (42 U.S.C. §§ 1381-1383) or AFDC (42 U.S.C. §§ 601-602). Both SSI and AFDC cover basic necessities of life except medical expenses. Therefore, SSI and AFDC recipients become eligible for Medicaid when the eligibility for one of the cash assistance programs occurs.
A state may also choose to include medically needy individuals in its Medicaid program. Medically needy persons meet the nonfinancial criteria for AFDC or SSI and may obtain Medicaid benefits when their medical expenses cause them to “spend down” to the income level required for eligibility under AFDC or SSI. 42 U.S.C. § 1396a(a)(17). Under Florida Administrative Code Rule 10C-8.200, those who meet the technical requirements for a “categorically needy” program, but are ineligible due to income are entitled to Medicaid under the Medically Needy program. The Code further specifies that for AFDC-related groups, income criteria appearing in Florida Administrative Code Rule 10C-1.102 pertaining to AFDC recipients, apply.
*453 Federal law requires that the medically needy” be treated the same as AFDC applicants with respect to income disregarded for purposes of ascertaining eligibility. 42 U.S.C. § 1396a(a)(10)(C)(i) and (a)(17)(B). See also Greklek v. Toia, 565 F.2d 1259 (2d Cir.1977), cert. denied sub nom. Blum v. Toomey, 436 U.S. 962, 98 S.Ct. 3081, 57 L.Ed.2d 1128 (1978). Accordingly, the lump sum rule applicable to AFDC recipients is also properly applicable to AFDC-eligibles, and the hearing officer correctly applied it to Mr. Brookens’ retroactive Social Security disability payment.
While neither party cites a case directly on point, appellee’s use of Proffit v. Sorrell, 693 F.Supp. 435 (E.D.Va.1988), aff'd, 900 F.2d 254 (4th Cir.), cert. denied sub nom. Proffit v. Kozlowski, — U.S. —, 111 S.Ct. 165, 112 L.Ed.2d 130 (1990), is more applicable. The case dealt with receipt by an AFDC family of a lump sum payment, which HRS counted as income and used to determine the number of months the family would be disqualified from Medicaid benefits. Appellant argues that the case should be distinguished by the fact that Lisa and Jamie are not receiving AFDC. Based on the requirement that AFDC and medically needy program participants be treated alike, actual receipt of AFDC funds in Proffit does not make that case inapplicable.
The hearing officer had no choice but to follow federal and state law in applying the lump sum payment received by Mr. Broo-kens to his assistance group consisting of Lisa and Jamie. The resulting higher share of cost for the months of June and July, 1990, is correct.
This case reminds us of the limitations of the law, in the absence of a similar societal commitment or awareness of any war on poverty.
GLICKSTEIN, C.J., and ANSTEAD and FARMER, JJ., concur.